## POPULAR PRICE TAILORING CO. v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Seventh Circuit. February 21, 1929.

No. 4098.

George Maurice Morris, of Washington, D. C., for petitioner.

Shelby S. Faulkner, of Washington, D. C., for respondent.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. This is a petition to review a decision of the Board of Tax Appeals (called Board), finding a deficiency tax due from petitioner.

H. A. Elman & Co. (called Elman) and petitioner, claiming to be affiliated corporations, made a consolidated return of income for the first half of the year 1920. The tax was assessed thereon, paid by Elman, and accepted by the government.

Five years later, October 17, 1925, the Commissioner wrote to petitioner that an examination of its income and profits tax return and books and records showed an additional tax of $9,960.18, "as outlined in the attached statement." That statement involved the business of petitioner only, and reads in part as follows: "Your protest, dated April 18, 1925, has been considered, and the only question involved was affiliation with H. A. Elman & Co. * * * The bureau holds that your company was not affiliated from January 1 to June 30, 1920. Therefore, there are no unadjusted differences." Neither the consolidated return, nor the protest of April 18, 1925, is in the record.

Petitioner appealed to the Board, and in its petition said that the Commissioner had erroneously ruled that petitioner and Elman were not affiliated, and that the tax contained in the deficiency letter was based on that error. The Commissioner's answer denies that there was any error in that ruling. Other denials in that answer tend to raise only the question of ownership of stock, that would show affiliation. The proposition of law, shown by the answer to be involved, pertains solely to the question of affiliation.

The evidence before the Board and the finding of fact in the opinion relate solely to the question of affiliation. The opinion begins: "This appeal is from the refusal of the respondent" (the Commissioner) "to allow the claim of the petitioner for affiliation with another company. * * *"

The conclusion upon the facts, as stated in the opinion, is: "The petitioner and H. A. Elman & Co. were affiliated during the taxable year. Judgment will be entered for the petitioner on 15 days' notice, under rule 50."

Petitioner moved for a judgment in accordance with that opinion. The Commissioner's alternative proposition was not based upon the contention that petitioner and Elman were not affiliated, but it was an attempt to show by five pages of figures, then presented for the first time, that Elman and petitioner, under the consolidated return, owed the tax shown by the new figures, and that each should pay in proportion to its net income. Petitioner's part of the tax was shown to be $4,683.89. Section 240 (a) of the Revenue Act of 1918 (40 Stat. p. 1082) relates to the computation and assessment of the tax under consolidated returns, and, in part, reads:

"In any case in which a tax is assessed upon the basis of a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each."

The Commissioner's new contention was based wholly upon his assumption that there had been no agreement between the parties as to the manner in which the tax was to be assessed. Thereafter, on December 8, 1927, without Elman being a party before the Board, and over the protest of petitioner, a supplemental hearing was had. The figures, made on the Commissioner's new theory, though not sworn to, were accepted as evidence, over petitioner's objection that there was no question of that kind before the Board. There were many objections, one being that the new move by the Commissioner was an attempt to make a new case, and that the Board had no power to receive any such evidence. Petitioner said that if it was required to meet the new matters it had witnesses present to contest the Commissioner's computation and to prove an agreement as to the payment of the tax.

The Board refused to hear any evidence and subsequently, in January, 1928, an order of redetermination was entered, in which the Board found a deficiency against petitioner of $4,683.89, in accordance with the Commissioner's new figures. This was done, evidently relying on the fact that petitioner, in the first hearing, had not met the burden of proof in accordance with the following part of the Board's order: "The burden was upon the petitioner at the trial of the case to prove every element necessary to a correct computatoin of the tax liability of the petitioner upon the basis of the issue raised in the pleading." After denial of a motion to vacate, this petition was filed.

It was not necessary for petitioner, upon the trial, to prove "every element necessary to a correct .computation of the tax liability of the petitioner," because, for one reason, no such issue was made by the pleadings. The sole question under the pleadings was: Were Elman and petitioner affiliated corporations? When the Board decided that issue in favor of petitioner, there was nothing left for it to do, other than to enter judgment in favor of petitioner, as, in its opinion, it said it would do.

Very much the same sort of an order of redetermination was made by the Board in Mathews v. Commissioner, 8 B. T. A. at page 209. After it had said in its opinion, as it said in this case, "judgment will be entered for the petitioner," it proceeded to a further hearing and entered judgment not for petitioner but against him. That case went to the Fifth Circuit Court of Appeals, and, in an opinion handed down December 20, 1928, 29 F.(2d) 892, the order of the Board of Tax Appeals, on its redetermination, was reversed, because the order was made on an issue not presented in the appeal.

Even if the Board had had any jurisdiction or right to proceed under the Commissioner's new theory, the computation then presented against Elman and petitioner raised a question of fact that had nowhere been previously raised or considered before the Board, nor, so far as appears, before the Commissioner. The whole contention was bottomed upon the assumption that there had been no agreement between the parties, permitted by section 240 (a), supra, about the payment of the tax.

We are of opinion that the assessment of the tax originally, payment thereof, as assessed, by Elman, and its acceptance by the government was at least prima facie evidence of an agreement as to how the tax was to be assessed, apportioned and paid. This seems to be in accordance with the holding of the Board of Tax Appeals in Essex Coal Co. v. Commissioner, 12 B. T. A. 994.

The petition is sustained, and the order of the Board of Tax Appeals is reversed.