## ESSEX COAL CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5391.

Circuit Court of Appeals, Sixth Circuit.
April 10, 1930.

Evert L. Bono, of Washington, D. C., and H. C. Allread, of Columbus, Ohio, for petitioner.

John G. Remey, of Washington, D. C. (Sewall Key, C. M. Charest, and R. W. Wilson, all of Washington, D. C., on the brief), for respondent.

Before DENISON, Circuit Judge, and COCHRAN and JONES, District Judges.

JONES, District Judge.

This case is here on petition to review an order of the United States Board of Tax Appeals finding a deficiency in the tax of the appellant for the year 1920. The Essex Coal Company and the Lost Run Coal Company filed consolidated tax returns for the years 1918 and 1919, and on March 14, 1921, filed a consolidated return for the year 1920. Assessment of the tax liability shown in the return was thereupon made against the Essex Coal Company. The tax was paid in four equal installments. The first and fourth installments were paid by checks of the Lost Run Coal Company, and the second and third installments were paid by checks of the Essex Coal Company. The corrected net income of the two companies and the amount of the deficiency in tax on that basis are not in dispute. The deficiency in tax was assessed solely against the Essex Coal Company, and was not apportioned between the affiliated companies.

The only questions involved are: Whether the facts support the conclusions of the Board of Tax Appeals that there was an understanding or agreement between these affiliated companies to the effect that this deficiency in tax should be assessed against the petitioner; and whether the petitioner is estopped from denying the existence of such an agreement.

The petitioner relies upon section 240(a) of the Revenue Act of 1918 (40 Stat. 1081) and article 632 of Regulation 45 of the Commissioner of Internal Revenue, the pertinent parts of which follow:

"Sec. 240. (a) That corporations which are affiliated within the meaning of this section shall, under regulations to be prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income and invested capital for the purposes of this title and Title III, and the taxes thereunder shall be computed and determined upon the basis of such return. * * *

"In any case in which a tax is assessed upon the basis of a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each. * * *"

"Art. 632. * * * Affiliated corporations, as defined in the statute and in articles 633, are required to file consolidated returns on form 1120. The consolidated return shall be filed by the parent or principal reporting corporation in the office of the collector of the district in which it has its principal office. Each of the other affiliated corporations shall file in the office of the collector of its district form 1122, along with the several schedules indicated thereon. The par-

ent or principal corporation filing a consolidated return shall include in such return a statement specifically setting forth * * * (e) a schedule showing the proportionate amount of the total tax which it is agreed among them is to be assessed upon each affiliated corporation. * * * "

It is conceded that no agreement between the petitioner and its affiliated company was filed with the consolidated return for 1920, nor was Treasury Department form 1122 filed by the Lost Run Coal Company. The petitioner contends that, where no such agreement or form is filed, it becomes the duty of the Commissioner to apportion the tax liability on the basis of the net income properly assignable to each of the affiliated companies. The basis of the Board of Tax Appeals finding is that the failure of the petitioner to protest against the Commissioner's assessment of the tax against it, and its failure to take any action with respect to notices and demands for payment of the installments directed to it, in view of the close relationship of the affiliated companies, justify the conclusion that an implied agreement existed between the affiliated taxpayers that the assessment of all taxes should be made against the Essex Coal Company, relying upon the principle set forth in Re Temtor Corn & Fruit Products Co. (D. C.) 299 F. 326, affirmed sub nom. Schlafly v. United States, 4 F.(2d) 195 (C. C. A. 8th).

■ We think section 240(a) of the Revenue Act of 1918 and article 632 of Regulation 45 prescribed thereunder by the Commissioner of Internal Revenue clearly contemplate some specific notice to the Commissioner of an agreement between the affiliated corporations filing the consolidated return as to the proportion of tax which is to be assessed upon the respective corporations, in the absence of which the Commissioner shall assess the tax on the basis of the net income properly assignable to each affiliated corporation. Mere failure to object to the assessment of the whole additional tax against the petitioner cannot be construed as an implied agreement to be so taxed. When no agreement among the affiliated corporations appeared, it became the duty of the Commissioner to apportion the assessment, and his failure to do so cannot be said to be excused by the neglect of the taxpayer to remind him of such duty. We do not think the Commissioner can, by assessing the whole tax upon one of the affiliated companies, require affirmative action upon the part of the taxpayer in denying that any agreement exists

and thus create an implied agreement. Whether an agreement between or among the affiliated corporations is to be assumed depends upon the initial action of filing the consolidated return. If the subsequent conduct or nonaction of the taxpayer is to be made the test of what was intended at the time of filing the return, no certainty could be had in any case.

In the Temtor Case, supra, relied upon by the Board of Tax Appeals, the referee in bankruptcy held that the payment of three quarterly installments of the tax, without objection or request for an apportionment by the affiliated company against which the tax was assessed, justified an inference that the corporations had agreed to the assessment so made. If the payment of installments of the tax by one or the other of the affiliated companies is important in determining whether an agreement exists between them, here the taxpayers each paid two equal installments and one-half of the tax. In the case of Popular Price Tailoring Co. v. Commissioner of Internal Revenue (C. C. A.) 33 F.(2d) 464, cited by the Commissioner, the court bases its opinion upon the finding of the Board of Tax Appeals in this case, with which we find ourselves unable to agree. Besides, that case involved acquiescence for five years in the payment of the whole tax by one company.

■ The statute clearly contemplates the existence of an agreement, or the absence of one, at the time of the filing of the return and the making of the assessment. The consolidated return shows no agreement between the affiliated companies respecting assessment, nor was any form 1122 filed as provided by the regulation of the Commissioner, and the Commissioner therefore was not authorized to infer the existence of an agreement from other evidence or from the subsequent conduct or nonaction of the taxpayer assessed.

■ Nor do we think the petitioner estopped from denying the existence of an agreement between the affiliated companies. The Commissioner knew that no agreement between the affiliated companies was filed with the consolidated return and that in its absence the law directed him to assess the total tax on the basis of the net income properly assignable to each of the affiliated corporations. Under such circumstances it cannot be said that the Commissioner had the right to rely upon the subsequent conduct of the taxpayers in determining how the tax should be assessed. But the petitioner and its affiliated corporation, in failing to file an agreement

with their consolidated return, disclosed their intention and purpose with respect to the assessment of the tax; no other facts were necessary for the Commissioner's action, and he cannot create an estoppel by his own failure to perform the act directed by the plain provisions of the law. Every fact necessary to be known for the performance of his duty was within his knowledge when the return was filed.

We think there was no evidence to support the Board's findings, and no estoppel. The petition is sustained, and the order of the Board of Tax Appeals reversed.