AMERICAN CONSERVATION SERVICE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25784.   Promulgated September 28, 1931.

*William J. Matthews, Esq.*, for the petitioner.
*W. R. Lansford, Esq.*, for the respondent.

OPINION.

SEAWELL: The taxable year involved in the instant case is 1922 and the applicable law is found in the Revenue Act of 1921, section 212 (b), which reads as follows:

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income. * * *

Paragraph 3 of article 23 of Regulations 62, promulgated under the authority of the Secretary of the Treasury, provides:

A taxpayer who changes the method of accounting employed in keeping his books for the taxable year 1921 or thereafter should, before computing his income upon such new basis for purposes of taxation, secure the consent of the Commissioner. Application for permission to change the basis of the return shall be made at least 30 days before the close of the period to be covered by the return and shall be accompanied by a statement specifying the classes of items differently treated under the two systems and specifying all amounts which would be duplicated or entirely omitted as a result of the proposed change.

This Board held in *Clendening Co.*, 1 B. T. A. 622, that a taxpayer may not change the basis of reporting income without complying with the regulations prescribed by the Commissioner pursuant to statutory authority.

Petitioner's 1921 tax return was made on the cash receipts and disbursements basis, but petitioner insists it was so made by inadvertence and that it should have been made on the accrual basis

and that the item $19,342.95 was accrued in 1921, and should have been included in the return for that year and, not being so reported, the statute of limitations operated as an effective bar to any tax thereon, the deficiency notice being mailed February 25, 1927. In our opinion, however, the statute of limitations is not involved, because the Commissioner is not attempting to assert any tax for the year 1921, but for the year 1922, and as to that year it is shown the deficiency notice was mailed in due time.

The question for our determination is simply whether in the circumstances of this case the item $19,342.95 should be included in the gross income of the petitioner for the year 1922 and as such subject to tax as held by the Commissioner. The petitioner admits no tax has been paid on same for either year and argues that none should be paid thereon for the year 1922, in which petitioner's return was made on the accrual basis, for the reason that the item was accrued in 1921, that its books have always been kept on the accrual basis, and that the item, therefore, has no place in the 1922 return of petitioner. Accepting the premise as stated, the conclusion would naturally follow, but, in our opinion, the evidence, as indicated in our findings of fact, does not justify such premise.

In a statement by the president of petitioner, contained in a letter in evidence and duly sworn to, he stated that the income the petitioner had for 1918, 1919 and 1920 " was always on a strictly cash basis and recorded and reported that way." The petitioner admits that its 1921 tax return is made on the cash receipts and disbursements basis, but contends it should have been on the accrual basis and then included the item $19,342.95, its books having been kept on the accrual basis as the witness, Hirsch, who made the 1922 return for petitioner on the accrual basis, testified, he never having seen the 1921 return which had been made on the cash receipts and disbursements basis.

The evidence shows the item $19,342.95 was paid to, or received by, petitioner in 1922. The Commissioner found the petitioner had kept its books and made its returns in years prior to 1922 on the cash receipts and disbursements basis and, in our opinion, the evidence sustains such finding—certainly it is insufficient to overcome such finding, and as there was never any consent shown to have been given by the Commissioner for the petitioner to change its method of accounting and making its tax returns, the Commissioner's determination is approved.

*Judgment will be entered for the respondent.*