JEROME R. GEORGE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45240. Promulgated February 20, 1933.

*Howe P. Cochran, Esq.,* for the petitioner.
*R. W. Wilson, Esq.,* and *S. B. Anderson, Esq.,* for the respondent.

#### OPINION.

BLACK: The respondent determined a deficiency of $50,686.78 against the petitioner for the year 1924. Petitioner alleges that the determination of the Commissioner is based upon the following errors:

(a) Use of an incorrect net income.

(b) Failure to allow as a deduction in computing the net income for 1924 the net loss sustained by the taxpayer during the year 1923.

(c) Erred in adding to income for 1924 the sum of $151,038.98.

No evidence was offered as to any net loss for 1923 and petitioner says nothing about it in his brief and, under these circumstances, that particular assignment of error will be considered as abandoned.

Petitioner is a mechanical engineer and resides in Marion, Massachusetts. During the taxable year and for a number of years previous thereto he was employed by the Morgan Construction Com-

pany, of Worcester, Massachusetts. This company was engaged in the construction of complete rolling mill units throughout the world. It was the leader in that field of construction.

Petitioner held only one share of stock in the company, which was for qualification purposes, but he was a valued employee as chief engineer and served as vice president and director for several years. He received for his services a salary of $25,000 yearly and in addition thereto commissions and bonuses measured by the profits of the company, which additional compensation averaged between $100,000 and $200,000 per year for a good many years.

These bonuses and commissions were voted to him by the stockholders of the company in the early part of the year in which they were to be earned, to be paid from the profits of the current year. The meeting authorizing the payment for 1923 was held February 27, 1923, and that for 1924 on February 19, 1924.

The minutes of the 1923 meeting were as follows:

Voted: To pay as additional compensation to Jerome R. George for the year 1923 an amount equal to 12½% of the net profits of the company for the year 1923, after providing for accrued dividends on preferred stock for the year 1923, and before providing for Federal Income Taxes for the year 1923.

Voted: To pay as additional compensation to Jerome R. George, E. H. Carroll, Paul B. Morgan, J. W. Sheperdson, C. C. Smith, W. A. Winn, and R. L. Mason, an amount equal to 50% of the net profits of the company for the year 1923, after deducting Mr. George's additional compensation as covered by next previous vote, dividends accrued during the year on outstanding preferred stock, the sum of $20,000 Federal Income Taxes for the year 1923 and that the proportion to be paid to each be determined by the Board of Directors.

The resolution for 1924 was to the same effect and expressed in the same language.

The Morgan Construction Company kept its books of account and made its returns on the accrual system and took deductions for the compensation including bonuses and commissions agreed to be paid petitioner for the year in which the services were rendered and in which year it was accrued. This was approved by the respondent. Owing to the size and extent of the company's operations, it was sometimes impossible to close its accounts on the last day of the year and compute the additional compensation to which the petitioner was entitled, but it was done as soon as possible in the following year and the books were closed as of the 31st of December preceding. For the year 1923 the books were closed early in 1924, showing a credit to petitioner of $151,038.98 on account of commissions and bonus earned during 1923. For the year 1924 the books were closed early in 1925, showing a credit to petitioner of $130,647.94 on account of commissions and bonus earned during 1924.

From 1913 to 1923, both inclusive, the petitioner reported his entire earnings from the company in the year in which the services were rendered. In some of the earlier years he collected approximately all of it in the year earned. In later years, when the business of the company and his compensation increased, part of the commissions and bonus was not collected until the year following that in which earned, and in such instances interest-bearing notes were given.

In 1924 petitioner found out that other employees of the Morgan Construction Company had been reporting their bonuses and commissions on the cash receipts and disbursements basis and therefore in the year in which they were actually received rather than in the year in which the Morgan Construction Company accrued them on its books. Petitioner, therefore, without getting permission from the Commissioner, changed his method of reporting income for 1924 from the accrual system to the cash receipts and disbursements method. His 1924 return reported no bonus and commissions from the Morgan Construction Company because bonuses and commissions for 1923 (paid in 1924) had been reported for taxation in 1923 on the accrual system and by his change of method, bonus and commissions accrued for 1924 (paid in 1925) were not returned rendered for taxation until 1925.

The Commissioner held that petitioner had no right to change the basis without his consent. On this point, petitioner's counsel, in his opening statement at the hearing, said: " We are perfectly willing to concede that position would be well taken in which Mr. George would this very year owe, instead of some $50,000, some $42,000, a difference of $8,000, and we think the Commissioner was correct on that. But afterwards the Commissioner struck upon a new idea which is the basis of this deficiency, to-wit: that he would take the $150,000 commissions earned in 1923 and reported in 1923 and accrued in 1923, and tax them in 1924, and that makes this difference. Petitioner admits that by preserving the accrual basis his deficiency would be about $41,000 instead of $50,000, and this he is perfectly willing to admit."

Petitioner's son kept his accounts for him in a cash book and ledger in which were recorded the facts connected with his various business transactions. Some items were recorded on the cash receipts and disbursements basis and certain items were accrued, including the bonus and commissions due from the company. The ledger showed, for 1923 : " Morgan Construction Company, demand note dated December 31, 1923, for $151,038.98 at 5% ; up to July 1, 1924, $75,038.98 paid on principal, $76,000 still due." For 1924

the ledger showed: "Morgan Construction Company bonus and commission 1924, schedule of payments in 1925. Due December 31, 1924, $130,647.94, interest for 73 days at 5% up to March 14, $1,306.48, principal paid on March 14th, $15,000."

There was no written contract between petitioner and the company, but it was originally agreed that the additional compensation was to be paid during the year when accrued and at the same time dividends were paid stockholders. As the business of the company increased and it had use for its cash, it became the custom of petitioner to allow his additional compensation to remain with the company until the following year and draw it as he needed it, but it was understood that the entire sum was due December 31 of each year and he had the right to draw down his earnings at that time or before. When payments were deferred, interest was collected from December 31 of the year when payments were due.

Petitioner's 1923 tax return showed a tax of only $118.06, which resulted from deductions of losses of $169,768 incurred in other enterprises entirely disconnected with Morgan Construction Company.

Upon audit of this return it was approved, except that it was held by the respondent that there had been an overassessment of $88.77, which was refunded with interest of $13.60. After conferences with petitioner's representative relative to taxes for 1924, 1925, and 1926, respondent, on February 18, 1929, ruled that the petitioner's bonus and commissions earned in 1923 should be considered as income for 1923, and that likewise the bonus and commissions earned in 1924 should be considered as income for 1924 and not 1925 as reported. On this basis a deficiency for 1924 of $41,918.62 was determined. By his deficiency notice of May 23, 1929, the respondent reversed his previous finding and determined a deficiency of $50,686.78 for 1924 instead of $41,918.62 previously determined. This was accomplished by holding that the petitioner was on the cash receipts and disbursements basis and including petitioner's bonus and commissions earned in 1923, but collected in 1924, in income for 1924, and including bonus and commissions earned in 1924 in income for 1925, the year in which collected.

As will be seen from the foregoing statement, the principal question involved is whether the bonuses and commissions earned by petitioner are properly taxable in the years in which they were earned and accrued as income on petitioner's books or are taxable in the year when actually collected.

Under the facts as detailed in our findings, we think the bonus and commissions earned in 1923 were properly reported by petitioner on the accrual basis and are taxable in that year and that the action of respondent in transferring those items from 1923 to 1924 and basing the deficiency thereon is error.

The facts of the instant case are very similar in their import to the facts which we had before us in the cases of *Max Schott*, 5 B. T. A. 79, and *Theodore Stanfield*, 8 B. T. A. 787.

In the *Schott* case the taxpayer was in the employ of a corporation and received the larger part of his compensation through bonuses and commissions called tantiemes. The taxpayer in that case was entitled to receive a certain percentage of the net profits for each fiscal year. The company kept its accounts on the accrual system and credited the bonus and commissions of the taxpayer during the year in which they were earned and took deductions accordingly. In some years the computations and entries were not made until after the close of the fiscal year when the books were closed, but, when made, were entered as of the last day of the year and interest paid thereon until collected. Taxpayer kept an open account with the company, in which was recorded his various transactions with the company (some on the accrual basis and some on the cash receipts and disbursements basis), such as tantiemes earned, dividends on stock, and various purchases and sales of securities. Upon his balances the company allowed and paid interest. The taxpayer also kept a book of accounts of his own in which were reflected his transactions with the company and whatever income was carried to his credit on the company's books was entered as income on his books when accrued, irrespective of the time when the amounts were paid to or withdrawn by him. The Board said:

> Passing without discussion the contention that because the tantieme recipients were in control of the Company there was constructive receipt by them of these tantiemes, we find that this taxpayer kept an account book in which he recorded his various transactions. Included in this are accounts and notes receivable and payable, upon which interest is annually accrued, whether or not paid or payable. Taxes were entered in the year in which payable. Sums credited to his account by his employer were entered as of the date credited, whether paid or not. While there are departures from a strict accrual system of accounting, it is manifest that the primary purpose of the taxpayer's accounts is to reflect income and expense upon an accrual basis, and the returns of the taxpayer were uniformly made upon that basis. In such circumstances it is immaterial that some items may not have been treated upon a strictly accrual basis. *Appeal of Bartles-Scott Oil Co.*, 2 B. T. A. 16; *Appeal of John F. Cook*, 4 B. T. A. 916. In such cases the net income will be adjusted to correctly reflect it upon the accrual basis.
>
> It seems evident that these tantiemes were accruable for the year in which earned. The amount which each person was to receive was a mere matter of computation, being a percentage of the profits for the year. When such amounts are definitely ascertainable as of the close of the year, the fact that the computation and entry on the books is made after the close of the year is immaterial. In such a case the amounts are properly to be accrued as an expense by the corporation for the year in which the services were rendered. The Commissioner has so treated the amounts so far as the corporation is concerned. Upon the same facts, the amounts are to be accrued as income for the

same year by a taxpayer upon an accrual basis. The deficiencies so far as they arise from the errors alleged in the petition, are disallowed.

The case of *Theodore Stanfield, supra,* is a companion case to the *Schott* case and involved the same question and the same employer. The Board said in part:

It can scarcely be contended that the tantiemes did not accrue to the petitioners in the years in which the services, for which they were payment, were rendered. While the exact amount was not known at the close of each year, all facts necessary to a computation were ascertainable at that time. That the computation and entry are subsequently made is immaterial. See *United States* v. *Anderson,* 269 U. S. 422; *Max Schott,* 5 B. T. A. 79.

Discussing the question as to when a taxpayer is properly held to be on an accrual basis, the Supreme Court, in *Aluminum Casting Co.* v. *Routzahn,* 282 U. S. 92, said:

Petitioner, relying on the declarations in its returns that they were made on the basis of actual receipts and disbursements, contends that for that reason they must be deemed made under Section 12(a) and not under Section 13(d). But whether a return is made on the accrual basis, or on that of actual receipts and disbursements, is not determined by the label which the taxpayer chooses to place upon it. The use of inventories and the *inclusion in the returns of accrual items of receipts and disbursements appearing on petitioner's books,* indicate the general and controlling character of the account. *Niles Bement Pond Co.* v. *United States,* 281 U. S. 357, 360, 50 S. Ct. 251, 74 L. Ed. 901; *U. S.* v. *Anderson, supra,* 269 U. S., pages 442, 443, 46 S. Ct. 131; 70 L. Ed. 347 and support the finding of the trial court that books and returns were on the accrual basis. [Italics ours.]

Under the authority of these cases we are convinced that the petitioner was keeping his accounts and made his returns upon an accrual system for 1913 to 1923, inclusive, and that such system fairly reflected his income. This being true, petitioner had no right to change in 1924 from the accrual basis of reporting his income to the cash receipts and disbursements basis without securing the permission of the Commissioner to make such change. Art. 23 (3), Regulations 65 (Revenue Act of 1924); *Clendening Co.,* 1 B. T. A. 622; *American Conservation Service Corp.,* 24 B. T. A. 183. In the latter case we said:

The Commissioner found the petitioner had kept its books and made its returns in years prior to 1922 on the cash receipts and disbursements basis * * * and as there was never any consent shown to have been given by the Commissioner for the petitioner to change its method of accounting and making its tax returns, the Commissioner's determination is approved.

From the foregoing it logically follows that as the petitioner did not obtain the permission of the respondent to change his system of making his return for 1924, petitioner's return for that year, in which he omitted the bonus and commissions earned during that year, was erroneous. The return should have been made on the same basis as for previous years.

The deficiency should be computed by including in petitioner's income for 1924 the sum of $130,647.94, bonuses and commissions earned and accrued in that year, instead of $151,038.98, earned and accrued in 1923, and erroneously included in 1924 by respondent.

*Decision will be entered under Rule 50.*

