## East Coast Motors, Inc., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 74227.   Promulgated December 23, 1936.

*W. H. Harris, Esq.*, for the petitioner.
*O. W. Swecker, Esq.*, for the respondent.

214

OPINION.

Harron: In support of its allegation that the respondent erred in refusing its request to change the accounting period from a fiscal to a calendar year basis, petitioner contends that after January 31, 1931, it became a new taxable entity and that it consequently had the right to elect to compute its net income and file its tax returns on the basis of a calendar year. It is pointed out that if this contention is sustained the issue disappears with respect to deduction from gross income of bonuses accrued to employees at the end of the fiscal year.

Petitioner is a corporation, organized under the laws of the State of Florida. It is an elementary principle that a corporation is a legal entity separate from its stockholders. About January 31, 1931, W. A. Huguley invested money in the stock of the petitioner cor-

poration and became its new president. He was undertaking a new business venture. But the corporation was not entering into any new business, nor do we find from the evidence that it became a new corporation or a new taxable entity. No change was made in the corporate name, charter, bylaws or business of the corporation on or after January 31, 1931. The sale of part of its assets to retiring stockholders resulted in nothing more than a reduction of its capital assets and a change in its stockholders. The argument of petitioner advances a theory that the entire transaction liquidated the petitioner corporation and that a new corporation came into being in substance, although without going through the usual formal procedure. However, we are unable to find in the minutes of the corporation submitted any evidence of intent of the retiring stockholders to effect a complete liquidation and the various steps followed throughout the transaction do not support this theory. There is no evidence to show exactly what Huguley received for his payment of $19,451 to the retiring stockholders, but such payment appears to have been made for the 19,252 shares of stock still outstanding rather than for an inventory of assets. There was no bill of sale from the corporation to Huguley to evidence his purchase of the remaining assets of the corporation in liquidation in support of his contention to that effect. Furthermore, petitioner corporation did not resort to the procedure provided in article 391 of Regulations 74 for the filing of a final income tax return on liquidation of a corporation.

The petitioner's argument is directed at length to the theory that if we look "through form to substance" we will reach the conclusion that a new corporation or a new taxable entity resulted from negotiations set forth in the findings of fact. After reviewing the evidence submitted and the authorities cited by the petitioner to sustain the theory advanced, we find that neither this argument nor the authorities cited are persuasive in the instant proceeding. To agree with petitioner's theory would be to assume the existence of facts which the evidence does not show to exist. From review of the evidence submitted, we find that the petitioner corporation continued to be the same corporation and the same taxable entity after January 31, 1931.

There is a further question of whether respondent erred in refusing petitioner's request to change its accounting period from a fiscal to a calendar year basis. Petitioner had filed its returns on a fiscal year basis for several years prior to the taxable year. It was, therefore, required to obtain consent of respondent to change its accounting period by the provisions of section 46 of the Revenue Act of 1928. Article 361 of Regulations 74 sets forth the procedure to be followed by a taxpayer in obtaining permission to change its accounting period. Petitioner filed its request February 9, 1931, which was several days

after the time prescribed by the pertinent regulation. Since the petitioner failed to comply with the regulations of the Commissioner, we find that respondent was not in error in refusing, at the time, permission to change the accounting period. See *Trorlicht-Duncker Carpet Co.*, 22 B. T. A. 466. The instant proceeding is distinguishable from *Stevens Manufacturing Co.*, 1 B. T. A. 610 and *Brooklyn City Railroad Co.*, 27 B. T. A. 77, cited by the petitioner. Furthermore, there is no evidence to show that the annual accounting period (fiscal year) employed by the petitioner to compute net income did not clearly reflect income within the provisions of section 41 of the Revenue Act of 1928. The fact that certain bonus agreements with employees were for the calendar year is not material to the contention that it was necessary for petitioner to change its accounting period to a calendar year basis.

There remains the further question of whether or not the petitioner is entitled to deduct from gross income the amount of $5,662.61. This sum petitioner accrued to its surplus account as bonuses payable to employees at the end of the fiscal year. We hold that respondent is not in error in disallowing this deduction for the reason that the amount of bonuses payable to employees could not be determined at the close of the fiscal year and because no liability to pay the bonuses arose during the taxable year. The written bonus agreement with Collins and the oral bonus agreements with other employees were for a term of eleven months from February 2, 1931. The payment of bonuses was made contingent upon the existence of "net profits, if any" at the end of the calendar year 1931. Collins was to receive 25 percent of the net profits after other employees' bonuses had been paid, but no evidence was introduced to show what percentage of net profits was to be paid to individual employees. Consequently the method of computing the individual amounts of bonuses accrued to certain employees totaling $5,662.61 as of July 31, 1931, is not clear. There was no liability in the petitioner to pay bonuses to employees until net profits existed as of the close of the calendar year 1931. The rule has been established that "except as otherwise provided by statute, a liability does not accrue so long as it remains contingent." See *Brown* v. *Helvering*, 291 U. S. 193. See also *Kaufmann Department Stores, Inc.*, 11 B. T. A. 949; affirmed in *Kaufmann Department Stores* v. *Commissioner*, 34 Fed. (2d) 257; *Southland Coal Co.*, 16 B. T. A. 50; *Block & Kohner Mercantile Co.* v. *United States*, 37 Fed. (2d) 877.

*Judgment will be entered for the respondent.*