*254 OPINION.
TurneR:
Under the provisions of the will of the decedent the petitioners paid to Cora E. Mallory, the decedent’s widow, $9,000 in each of the years 1934 and 1935 and $3,000 in 1936 prior to her death on April 24 of that year. These amounts were taken as deductions in the income tax returns filed by them for the respective years, but were disallowed by the respondent. The petitioners contend that by his will the decedent made no gift, devise, or bequest to his widow of any amount which was to be paid to her at all events either from income or from principal or from both; that they were under no legal obligations to pay her any amount or amounts whatsoever either of income or principal, but that the payment to her of any amount was discretionary with them; and that *255 the amounts paid to her during 1934, 1935, and 1936 were paid from the income of the respective years and .were properly deductible by them in computing net income and constituted income taxable to her. The respondent contends that the payments were not allowable deductions from income for the reason that they were payable out of either capital or income and that the widow improperly reported them as income on her individual income tax returns. In argument on brief counsel for the respondent alludes to the absence in the record of any showing that the payments to the widow were actually made out of income. The amounts so paid to the widow were claimed as deductions on the returns filed by the petitioners herein and were reported by the widow as income to her. The respondent has made no determination that the distributions were not made from income and no issue to that effect was raised by the pleadings. Furthermore, from the statements of the issues by counsel at the hearing there was no indication of any disagreement between the parties on that point. We accordingly assume for the purposes of this case that the payments made to the widow were from income for the respective years for which the deductions here in issue are claimed.
The Revenue Act of 1934 contains the following provisions, which are identical with the corresponding provisions of the Revenue Act of 1936:
SEO. 162. NET INCOME.
The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—
* * * * • • •
(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (e) of this section in the same or any succeeding taxable year;
(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the ease of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.
*256 The decedent left his residuary estate in trust, with directions that the trustees pay over to his widow and 1⅛ sons, from principal and from profits and income realized thereon, such sum or sums at such time or times as in the judgment of the trustees might seem wise and provident. The widow, having elected to take under the decedent’s will in lieu of her dower rights, is accordingly a beneficiary of the trust as created by the will. In the injstant case the will did not provide for the payment currently of the net income of the estate to the widow, as was true in Helvering v. Butterworth, 290 U. S. 365, where it was held that the payments made by the trustees to the widow constituted allowable deductions by the trustees. Cf. Irwin v. Gavit, 268 U. S. 161. Nor did the will in the instant case provide for the payment to the widow of a stated amount at specified periods, at all events and independently of the amount of income of the estate, as was true in Helvering v. Pardee, 290 U. S. 365, where it was held that the payments made by the trustees to the widow did not constitute allowable deductions by the trustees for the reason that they did not represent distribution of income, but were in discharge of a gift or legacy.’ Cf. Burnet v. Whitehouse, 283 U. S. 148. Nor did the will direct the trustees to pay currently the net income of the estate to the widow and in their discretion to make payments to her from time to time out of principal to meet her needs a,s was the case in John K. Howard et al., Trustees, 34 B. T. A. 57, where it was held that a distribution of net income by the trustees to the widow was deductible by the trustees despite separate discretion given them by the will to make additional distributions out of principal to meet the needs of the widow.
In the instant case the distributions, whether out of principal or out of income, were within the discretion of the trustees. The will did not direct that any income “be distributed currently by the fiduciary to the beneficiaries” as contemplated by subsection (b) of section 162, supra, but under the will the income might, “in the discretion of the fiduciary”, be distributed to the beneficiary as contemplated by subsection (c) of section 162, supra. In the case of income which in the discretion of the fiduciary may be distributed to the beneficiary, there is to be allowed as a deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary. No contention is made by the respondent that the payments to the widow were not properly made. Under the circumstances it ⅛ our opinion that the payments here involved clearly come within the provisions of subsection (c) of section 162, supra, and constitute allowable deductions. The fact that other amounts might have been *257 paid out of principal by the trustees is in our opinion immaterial. See John K. Howard et al., Trastees, supra. The petitioners are sustained on issue.
The remaining issues involve the deductibility, as accrued items, of fees of trustees and attorneys and certain other amounts deducted for interest, taxes, fees of accountant, and miscellaneous expenses. The petitioners contend that they were entitled to use the accrual method of reporting income for the years 1934, 1935, and 1936 for the reason that they used that method in making their first report of income, namely, for the period August 22 to December 31, 1931, as well as all subsequent reports of income, and for the further reason that it is the method that will most clearly reflect their correct income for tax purposes. The respondent’s position is that the petitioners’ original books were kept on the cash basis, that their first return as well as their returns for 1932 and 1933 were filed on that basis and, having elected to file their returns on that basis and. having failed to request or secure permission to change to the accrual basis in 1934, 1935, and 1936, they are not entitled to have their taxable net income for 1934, 1935, and 1936 computed on the accrual basis.
A taxpayer’s net income is to be computed “in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income.” Sec. 41, Revenue Acts of 1934 and 1936. “The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period.” Sec. 42, Revenue Acts of 1934 and 1936. Deductions are to “be taken for the taxable year in which ‘paid or accrued’ or ‘paid or incurred’, dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions * * * should be taken as of a different period.” Sec. 43, Revenue Acts of 1934 and 1936. A taxpayer who changes the method of accounting employed in keeping his books shall, before computing his income upon such new method for purposes of taxation, secure the consent of the Commissioner, which is not to be granted unless the taxpayer and the Commissioner agree to the terms and conditions under which the change will be effected. Art. 322, Regulations 77, and art. 41-2, Regulations 86 and 94. Also see Ross B. Hammond, Inc., 36 B. T. A. 497; affd., 97 Fed. (2d) 545.
*258 Neither the set of boohs kept by Hirst from August 22, 1931, to December 31, 1932, nor the set installed by Williams in 1933 were offered in evidence, and all we have as to the basis used prior to 1934 is certain statements stipulated by the parties and some ledger sheets submitted in connection therewith. The evidence indicates that aside from errors and duplications the only identifiable items of income and deductions that were entered on the books as accruals during the period August 22,1931, to December 31,1933, relate to interest and in fact to only a portion of interest income or interest payable as the case may be, and that all other items of income or deductions represent actual cash receipts or disbursements. Minor deviations from the cash basis are not sufficient to sustain a holding that the accrual basis was used. Cf. M. D. Rowe, 7 B. T. A. 903.
From the evidence it is our opinion, and we so conclude, that the petitioners’ books of account as originally maintained were kept on the cash basis and that the few accruals therein were erroneous and inconsistent therewith and, further, that the petitioners have failed to show that the cash method does not clearly reflect income. In the light of these conclusions, and since the consent of the respondent to change the method of accounting was neither requested nor obtained for any of the years before us, his action in determining the income for those years on the cash basis is sustained. •

Decision will he entered under Rule 50.