SHOONG INV. CO. v. ANGLIM, Collector
of Internal Revenue.

No. 21629-R.

District Court, N. D. California, S. D.

July 7, 1942.

712

Gavin McNab, Schmulowitz, Aikins & Wyman and Nat Schmulowitz, all of San Francisco, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Arthur L. Jacobs, Sp. Assts. to Atty. Gen., on the brief), for defendant.

ROCHE, District Judge.

This is a suit to recover $77,763.50 of alleged overpayment of income tax and interest thereon for 1937. The question before the Court is whether the plaintiff, which filed its income tax return on a cash basis for seven years prior to 1937, is entitled to deduct taxes accrued but not paid in 1937 in computing its income tax liability for that year. On the trial the facts as to the assessment of the alleged deficiency were stipulated and the testimony of witnesses dealt largely with methods of accounting used.

It appeared from the evidence that prior to 1937 the plaintiff's books had been kept on a basis neither strictly cash and disbursement nor accrual but that tax returns had been consistently made on the cash basis. This meant that taxes were claimed as deductions for the year in which they were paid, not the year in which they accrued. The Commissioner had accepted the returns on this basis and under the provisions of Treasury Regulations 94, Art. 41–2,[1] would have to give his express permission before the taxpayer could file its return on a different basis. In 1937, after the 90 day period specified in Regulations 94 (supra), plaintiff sold certain capital assets. The result was a profit for the year of $448,407.10 and the placing of plaintiff, for the first time, in the category of a personal holding company,[2] with a resultant

---

[1] Treasury Regulations 94, Art. 41–2, promulgated under the Revenue Act of 1936, provides: "A taxpayer who changes the method of accounting employed in keeping his books shall, before computing his income upon such new method for purposes of taxation, secure the consent of the Commissioner. * * * Application for permission to change the method of accounting employed and the basis upon which the return is made shall be filed within 90 days after the beginning of the taxable year to be covered by the return. The application shall be accompanied by a statement specifying the classes of items differently treated under the two methods and specifying all amounts which would be duplicated or entirely omitted as a result of the proposed change."

[2] Ch. 690, Sec. 352, 50 U.S. Stat. at L., 814, 26 U.S.C.A.Int.Rev.Code, § 501.

increase in tax liability. The 90 day period having expired, it was too late to apply for permission to change its accounting method but the plaintiff, alleging the necessity of showing such tax liability in order to show its true income and relying on the provisions of Section 41 of the Revenue Act of 1936,[3] set up $89,977.45 as a "Reserve for Federal Income and Excess Profits Tax" and claimed it as a deduction on the ground that it was filing its return on the accrual basis. The remaining $358,802.50 was distributed in dividends to its stockholders. This resulted in a lower income tax and no liability for undistributed profits surtax or personal holding company surtax. The Commissioner disallowed the deduction and assessed a deficiency on the ground that since the plaintiff had theretofore filed on a cash basis it could not deduct taxes unless they had actually been paid.

■ Plaintiff claims relief on two grounds—first, that the regulations in question are invalid as applied to it because of the provisions of Section 41, supra, and second, that the tax as computed is so excessive as to be unconstitutional. There is no merit in plaintiff's second contention. See Stewart Dry Goods Co. v. Lewis, 294 U.S. 550, 55 S.Ct. 525, 79 L.Ed. 1054; Fox v. Standard Oil Co., 294 U.S. 87, 55 S. Ct. 333, 79 L.Ed. 780; Magnano Co. v. Hamilton, 292 U.S. 40, 54 S.Ct. 599, 78 L. Ed. 1109; Alaska Fish Co. v. Smith, 255 U.S. 44, 41 S.Ct. 219, 65 L.Ed. 489. The Court will therefore devote this discussion to the remaining ground.

■ The obvious purpose of Treasury Regulations 94, as well as of similar regulations promulgated under every Revenue Act since 1921, is to promote consistent adherence by the taxpayer to the same accounting practice from year to year, thereby securing uniformity of collections. Such regulations are reasonable and valid[4] and compliance with them has been held mandatory. See Estate of Mallory v. Commissioner, 44 B.T.A. 249 and St. Paul Union Depot Co. v. Commissioner, 8 Cir., 123 F.2d 235. Nor can the taxpayer complain if the Commissioner, in his discretion, refuses to allow a change of the tax return basis. In St. Paul Union Depot Co. v. Commissioner, supra, a case directly in point, the taxpayer had used the retirement method of accounting prior to 1935, but in that year it set up on its books a reserve for depreciation of its depot and deducted such reserve in computing its tax. This was done without securing the Commissioner's permission. The Commissioner ruled that his permission was necessary for a change in accounting method and refused to allow the deduction. The Board of Tax Appeals affirmed the ruling and the case came before the Eighth Circuit Court of Appeals.

■ Affirming the order of the Board of Tax Appeals, the Court held that it could exercise none of the functions of the Commissioner of Internal Revenue or of the Board of Tax Appeals, no matter how justified the taxpayer's complaint might seem. The decision whether to permit or forbid a change in methods of accounting rests with the Commissioner and he is vested with a wide discretion.

Only when abuse of discretion is clearly shown can the Court interfere. Hardy, Inc., v. Commissioner, 2 Cir., 82 F.2d 249. See also Bradstreet Co. v. Commissioner, 1 Cir., 65 F.2d 943.

■ Admittedly plaintiff never asked or received the Commissioner's permission to change its accounting system for 1937. If there were an actual change, under the authorities cited the Commissioner had a broad discretion to allow or forbid it and his decision will not be overruled by this Court. If, on the other hand, he held that

---

[3] Section 41 of the Revenue Act of 1936, 26 U.S.C.A.Int.Rev.Code, § 41, provides: "The net income shall be computed upon the basis of the taxpayer's annual accounting period * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income."

[4] Hammond, Inc., v. Commissioner, 9 Cir., 97 F.2d 545; Bent v. Commissioner, 9 Cir., 56 F.2d 99; Athol Mfg. Co. v. Commissioner, 1 Cir., 54 F.2d 230; Ramsey v. Commissioner, 10 Cir., 66 F. 2d 316, certiorari denied 290 U.S. 673, 54 S.Ct. 91, 78 L.Ed. 581; Metropolitan Furniture Co. v. Hartford-Connecticut Trust Co., D.C., 20 F.Supp. 92; George v. Commissioner, 27 B.T.A. 765; American Conservation Service Corp. v. Commissioner, 24 B.T.A. 183; East Coast Motors, Inc., v. Commissioner, 35 B.T.A. 212.

714

plaintiff had not changed from the cash to the accrual basis, his ruling has the presumption of correctness and the plaintiff has the burden of proving error. St. Paul Union Depot Co. v. Commissioner, supra; Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212.

The testimony of plaintiff's only witness, a certified public accountant, was to the effect that the setting up of the federal income and excess profits tax was the only substantial change in the 1937 balance sheet over those of former years. A minor item of accrued interest had not appeared before, but two small sums covering accrued taxes and lease deposit had been shown under plaintiff's cash and disbursement system.

"Minor deviations from the cash basis are not sufficient to sustain a holding that the accrual basis was used." Estate of Mallory v. Commissioner, supra.

Under the evidence and the law, therefore, the Court finds that the plaintiff has failed to prove error in the Commissioner's ruling and judgment will be entered accordingly for the defendant as prayed for, upon findings of fact and conclusions of law. The plaintiff will pay costs.