THEODORE H. BECKMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9541.   Promulgated October 17, 1927.

The evidence is insufficient to show that the Commissioner was in error in determining the tax upon the basis of cash receipts and disbursements.

*H. H. Tooley, Esq.*, for the petitioner.
*P. M. Clark, Esq.*, for the respondent.

This proceeding is for the redetermination of deficiencies in income tax for the years 1919 and 1920 in the amounts of $396.83 and $2.42 respectively. The error assigned is the action of the Commissioner in computing the income for income-tax purposes on the basis of cash receipts and disbursements instead of on the accrual basis.

### FINDINGS OF FACT.

The petitioner is a farmer, raising grapes, horses, cattle and hogs. He disposed of a portion of his dairy business in 1919 and the balance in 1920. In his income-tax return for the calendar year 1918, the petitioner showed an inventory of cattle, hogs, and horses on hand at the beginning of the year and at the close of the year. Returns were filed for 1919 and 1920 upon the same basis as for 1918. The petitioner did not make any application to the Commissioner to change the basis of filing his income-tax return.

The petitioner kept books of account for 1918, 1919, and 1920, but certain of the books or work sheets from which entries were made in the books were lost. The petitioner's books of account consisted of a cash book, a bank book in which he kept a record of every item that was deposited in the bank, and another book in which he kept account of his labor and the money that was paid out for machinery and expenses of the ranch. All the money paid out was by check and on the stub he wrote what the amount was for. When he received cash, he put it in the bank and an entry was made in his bank book. Opposite the deposit on the other page he put down what it was and from what source. When the petitioner sold horses and cattle he was paid for them in cash. He did not sell any of his stock except for cash. When they were paid for the purchasers drove them off the place and when he bought cattle he paid cash for them. He did not have any accounts payable or receivable on his books. The petitioner took inventory at the beginning and close of each year of all of his stock.

The Commissioner upon the audit of the petitioner's income-tax returns for 1919 and 1920 determined the tax upon the basis of cash

receipts and disbursements. In the returns filed for those years in answer to question 12, which is as follows: "Write R if you kept no books or books on the cash basis, or write A if you kept books upon the accrual basis," there was written the letter R in response to this direction.

### OPINION.

TRAMMELL: The Commissioner determined that the cash receipts and disbursements method was the proper basis for reporting income for the years in question. The burden was upon the petitioner to show otherwise. The income-tax returns upon their face indicate that they were filed upon the cash receipts and disbursements basis. The fact that inventories were taken at the beginning and close of each year is not sufficient in itself to show that the cash receipts and disbursements method did not clearly reflect income. It also appears from the meagre testimony to have been the basis used by the petitioner in keeping his books of account. The testimony does not convince us that the Commissioner was in error in determining the tax upon the basis of cash receipts and disbursements.

*Judgment will be entered for the respondent.*

Considered by MORRIS and LITTLETON.