## MANN v. COMMISSIONER OF INTERNAL REVENUE.

Court of Appeals of District of Columbia.

Argued October 14, 1929. Decided November 4, 1929.

No. 4790.

Robert Ash, of Washington, D. C., for appellant.

Mabel W. Willebrandt, Asst. Atty. Gen., and C. M. Charest, L. W. Scott, S. Dee Han-

son, and Donald V. Hunter, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. The appeal involves income and profits taxes for the fiscal year ending January 31, 1920, in the amount of $10,374.56.

The material facts as found by the Board are as follows: "The petitioner (appellant here) is a cotton planter, merchant, lender of money, director of several banks, and a member of several partnerships, with his residence and principal place of business at Glen Allan, Miss. His income-tax return for the calendar year 1919, and an amended return for the fiscal year ended January 31, 1920, show that they were made on the basis of income 'received.' His accounts for all of his various businesses were kept in one set of books. His accounts showing his farming operations were kept on a cash basis. The accounts showing merchandise operations showed inventories at the beginning and close of each year. His accounts showing income from interest showed the interest accrued each year whether received or not. His income-tax returns were made in accordance with his books of account. On January 1, 1918, the petitioner and R. L. Jordan entered into a contract whereby Jordan was employed to manage a plantation owned by the petitioner known as the 'Mound Plantation.' * * * "

Jordan was to receive for his services a salary of $1,200 per year and be given an opportunity to acquire an undivided one-fourth interest in the plantation, the value of which was fixed at $59,220. If from the earnings of the plantation Mann should receive that sum, with 6 per cent. interest, by January 1, 1929, he agreed to execute a deed conveying to Jordan an undivided one-fourth interest in the property. Should Jordan die during the term of 12 years, Mann agreed to pay his estate one-fourth of whatever the plantation may have earned up to the end of the year in which such death should occur. Mann was to have the right to sell the plantation at any time, but, in the event of a sale being made, Jordan was to receive one-fourth of whatever amount had been earned up to the end of the year in which the sale was made. Jordan was to continue the management of the plantation during the time specified until January 1, 1929. Should he give up the position as manager, the contract was to be thereby terminated, and he was not to be entitled to any

part of the earnings which may have arisen from the plantation.

Quoting again from the findings of the Board:

"Each year the petitioner credited to Jordan, on his books, one-fourth of the earnings of the Mound Plantation in order to carry out the provisions of the contract. The Commissioner disallowed as a deduction the amounts so credited to Jordan and increased net income correspondingly. * * *

"During the taxable year the petitioner signed subscriptions promising to pay $5,000 for the construction of the Kings Daughters Hospital at Greenville, Mississippi, and $4,-500 for the construction of a Methodist Church at Glen Allan, Mississippi. * * * No part of the subscription of $5,000 for the construction of the hospital had been paid up to April 1, 1926, and the subscription of $4,-500 for the construction of a Methodist Church was not paid until 1924."

Appellant contends, first, "that if accruals are to be treated as income, accruals should be allowed as deductions"; and, second, "that one-fourth of the earnings credited to Jordan under the contract was not income to the appellant."

The Commissioner found that the taxpayer's books were kept and the returns made for the fiscal year ending January 31, 1920, upon a cash receipts and disbursements basis, and, sustaining this finding, the Board said: "The revenue agent who examined the books of account came to the conclusion that the books were kept on a cash receipts and disbursements basis and the returns clearly indicate that they were made on that basis. The fact that inventories were used in computing the profit of the merchandising business or that interest was returned upon the basis of the interest which accrued and not on the basis of interest received is not conclusive. The evidence fails to show that the books of account or that the original return for the calendar year 1919, and the amended return for the fiscal year ending January 31, 1920, were made on an accrual basis." This record furnishes no basis for a different conclusion, especially in view of Treasury Regulations 45 (1920 Ed.) p. 26, art. 23, providing that "approved standard methods of accounting will ordinarily be regarded as clearly reflecting income. A method of accounting will not, however, be regarded as clearly reflecting income unless all the items of gross income and all deductions are treated with reasonable consistency." The tribunals below have found that the greater part of appellant's business transactions was accounted for on a cash receipts and disbursements basis, and appellant made his returns on that basis. The keeping of inventories for one branch of his business was inconsistent with his general method of accounting.

Admittedly, the charitable subscriptions were not paid during the taxable year, and were, therefore, properly disallowed as deductions for that year.

Appellant contends that the contract with Jordan contemplated that one-fourth of the net profits of the plantation should be applied toward the purchase by Jordan of a one-fourth interest in the plantation and, hence, that the amount so credited on appellant's books should not be treated as income.

On this branch of the case the Board of Tax Appeals said: "Clearly this amount was not paid to Jordan during the taxable year. Furthermore, there was only a contingency that it ever would be paid and under the decisions of the Board a contingent reserve set up to meet a possible liability is not a proper deduction from gross income."

Under our decision in Naitove & Co. v. Commissioner of Internal Revenue, 59 App. D. C. 53, 32 F.(2d) 949, it is even doubtful whether under the accrual system of accounting appellant would have been entitled to the deduction claimed. Certainly he was not entitled to it under the cash receipts and disbursements system, for it was not to be and was not disbursed until the termination of the contract. Up to that time it was under the dominion and control of Mann.

Decision affirmed, with costs.

Affirmed.