**HUNTINGTON SECURITIES CORPORA-
TION v. BUSEY, Collector of
Internal Revenue.**

No. 8288.

Circuit Court of Appeals, Sixth Circuit.

June 6, 1940.

As Amended June 27, 1940.

Earl F. Morris, of Columbus, Ohio (Arnold, Wright, Purpus & Harlor, Earl F. Morris, and H. B. Arnold, Jr., all of Columbus, Ohio, on the brief), for appellant.

Joseph M. Jones, of Washington, D. C. (James W. Morris, Sewall Key, J. L. Monarch, and Mills Kitchin, all of Washington, D. C., Calvin Crawford, of Dayton, Ohio, and R. J. O'Donnell and Loren G. Windom, both of Columbus, Ohio, on the brief), for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

Appellant, The Huntington Securities Corporation, appeals from a judgment dismissing its suit for the recovery of income and excess profits taxes of $14,919.40 and interest thereon of $1,354.38, claimed to have been overpaid for the calendar years 1933 and 1934.

Appellant was incorporated September 24, 1929, under the laws of Ohio for the purpose of acquiring securities owned by the Huntington National Bank, a corporation existing under the National Banking Act, and also to engage generally in the business of buying and selling securities. In 1929, it had a paid-in capital of $400,000, substantially all of which was invested immediately in securities. It was an affiliate of the Huntington National Bank and was compelled to go into liquidation in 1933, due to changes of the National Banking Laws.

Prior to the closing of its books for the calendar year 1929, its Board of Directors adopted a resolution providing that its securities were to be adjusted on the books as of December 31, 1929, to their then current value and any profit credited to organization expense; such expense being carried on its books as an asset. Similar resolutions were adopted for each subsequent year. For the years beginning with the year 1929, to and including 1934, appellant duly filed income tax returns in accordance with its book method of accounting, using inventories in arriving at income, which it stated in its return for 1929 were valued at cost. No representation as to the basis was made in the 1930 return. It was stated in the 1931 return that the inventories were valued at book cost and, in returns for subsequent years, at cost, no taxable income being shown for any of the years.

On audit and review the Commissioner of Internal Revenue accepted the returns as filed for the years 1929 to and including 1932. For the years 1933 and 1934, he changed the taxpayer's method of valuing inventories to market, which resulted in a deficiency of income taxes for the calendar year 1933 of $6,967.62, and excess profits taxes of $1,112 and for the calendar year 1934 of $5,598 income taxes and $849.91 excess profits taxes.

Appellant paid to the appellee the taxes with interest and duly filed claim for refund which was rejected and thereafter instituted this action. The cause was submitted on an agreed statement of facts and the court found for appellee, from which judgment it appeals.

A single issue is presented, i. e., the right of the Commissioner to change the taxpayer's method of valuing inventories. The value at which the securities comprising appellant's inventory were carried on its books of account, their actual cost, market value and the values used in determining income for each of the years 1929 to 1934, both inclusive, were as follows:

| Date of Inventory | Value of Inventory as Shown by Books | Actual Cost of Inventory | Market Value | Used in Returns |
|---|---|---|---|---|
| 12-31-1929 | $448,560.45 | $448,361.97 | $425,771.06 | $446,690.45 |
| 12-31-1930 | 530,711.60 | 533,318.55 | 522,617.96 | 530,711.60 |
| 12-31-1931 | 557,224.74 | 572,806.04 | 456,639.66 | 557,224.74 |
| 12-31-1932 | 546,529.94 | 541,097.65 | 338,868.64 | 522,690.20 |
| 12-31-1933 | 335,117.43 | 307,310.11 | 194,673.00 | 335,117.43 |
| 12-31-1934 | 122,317.73 | 114,137.91 | 72,113.75 | 122,317.73 |

The discrepancies between the book and actual cost as shown on the income tax returns, excluding some slight

errors in posting, were caused by the appellant using the profit realized from the sale of blocks of securities of the identical kind to reduce the cost of the remainder or, where losses were realized on the sale of such securities, adding such losses to the cost of the remaining shares and in a few instances partially writing down book below actual cost. The method of keeping the accounts as used by the taxpayer clearly indicated the cost and sale price of all securities for each annual accounting period. The market value of the securities for none of the annual periods was shown on the books and, in order to determine it, extraneous evidence was necessary. It is a well-settled rule that the taxpayer may make his returns upon either a cost or accrual basis "in accordance with the method of accounting regularly employed in keeping the books of such taxpayer" provided such method clearly reflects income. 45 Stat. 805, § 41, 47 Stat. 185, § 41, 48 Stat. 694, § 41, 26 U.S.C.A.Int.Rev.Code, § 41.

Section 22(e) of the Revenue Act of 1928, 45 Stat. 791, Revenue Act of 1932, 47 Stat. 169 and the Revenue Act of 1934, 48 Stat. 680, 26 U.S.C.A.Int.Rev.Code, § 22(f), confer on the Commissioner discretionary power to require the use of inventories if necessary in order to clearly determine the income of any taxpayer and when required shall be upon such basis as he determines, conformable as nearly as may be to the best accounting practice in the trade or business to which they relate and as most clearly reflecting income. Pursuant to this statutory power, the Commissioner, with the approval of the Secretary of the Treasury, promulgated regulations [Regulations 74, Article 105; Regulations 77, Article 105; Regulations 86, Article 22(e) (5)] authorizing a dealer in securities who, in his books of account, inventoried unsold securities on hand either at cost, cash or market, whichever is lower, or at market value, may make his return upon the basis on which he keeps his accounts, provided description of such method is included in or attached to his return and that all securities are inventoried by the same method which must be adhered to in subsequent years unless another one is authorized by the Commissioner pursuant to written application filed with him.

Appellee insists that the appellant, in keeping its accounts and in making its income tax returns by the use of inventories, used neither (a) cost, (b) cash or market, whichever is lower, nor (c) market value and, not having complied with the law and regulations promulgated pursuant thereto, the Commissioner was authorized, in the exercise of the discretion conferred on him, to correct appellant's inventories by using market value. Appellant insists that its method of keeping its accounts and making its inventories clearly reflected income and the Commissioner had no discretion to use any other method or basis.

It is well-settled and conceded that a taxpayer may make his return upon either a cash or accrual basis in accordance with the method of accounting regularly employed in keeping his books, if his method clearly reflects income [Morris-Poston Coal Co. v. Commissioner, 6 Cir., 42 F.2d 620] and it is equally well-settled that if the taxpayer's method of accounting does not clearly reflect income, the Commissioner is vested with a wide discretion in following a method which, in his opinion, clearly does reflect income. However, neither the taxpayer nor Commissioner has unlimited discretion. If the taxpayer's method of accounting clearly reflects income, the Statute is mandatory on both him and the Commissioner that taxable income must be determined in accordance therewith. The selection of a system of accounting is lodged exclusively in the taxpayer provided it is within the statutory limits of clearly reflecting income and whatever method the taxpayer adopts must be consistent from year to year unless the Commissioner authorizes a change.

 In construing tax statutes, the familiar rule prevails that the natural and ordinary meaning of the words used will be applied unless the Congress has definitely indicated an intention they should be otherwise construed, which was not done in the Act in question here. In other words, the accepted meaning of common language should be given effect. "Method," as used in the present statute, means the way of keeping the taxpayer's books acording to a defined and regular plan. "Clearly," as used in the statute, means plainly, honestly, straightforwardly and frankly, but does not mean "accurately" which, in its ordinary use, means precisely, exactly, correctly, without error or defect.

 The method used by appellant in valuing its inventories in our opinion clearly, but not accurately, reflected income,

which is all that is required. Osterloh v. Lucas, 9 Cir., 37 F.2d 277. Appellant's books of account accurately showed the cost of the securities from year to year and the differences between actual and book cost were unsubstantial. They were approximately correct on a cost basis. The errors appearing therein were easily ascertainable and correctible from the books of account which were kept plainly, honestly and straightforwardly. In our opinion, the errors of the taxpayer did not bring into operation the wide discretion of the Commissioner to reject its method of valuing inventories which was approximately correct and to select one which was at variance with the taxpayer's consistent method.

"Basis of keeping accounts" as used in the statute, refers to the general bookkeeping system followed by the taxpayer, and if there be a conflict between that used and the one directed by corporate taxpayer's board of directors, the basis used in the general bookkeeping system prevails. Since there are special findings of fact not in dispute, there is no occasion for a new trial. Fort Scott v. Hickman, 112 U.S. 150, 5 S.Ct. 56, 23 L.Ed. 636; Rathbone v. Board of Com'rs, 8 Cir., 83 F. 125; Olivier v. Mt. Union Tanning & Extract Co., 3 Cir., 264 F. 601; Walker v. Gulf & I. Ry. Co. of Texas, 5 Cir., 269 F. 885; Routzahn v. Mason, 6 Cir., 13 F.2d 702.

The cause is remanded with instructions to render judgment for appellant and for proceedings consistent with this opinion.