## BIRCH RANCH & OIL CO. v. COMMIS-SIONER OF INTERNAL REVENUE.

### No. 10959.

Circuit Court of Appeals, Ninth Circuit.

Jan. 9, 1946.

Rehearing Denied Feb. 13, 1946.

George Acret, of Los Angeles, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Robert N. Anderson, Louise Foster, and Muriel S. Paul, Sp. Assts. to Atty. Gen., for respondent.

Before STEPHENS, ORR, and WILBUR, Circuit Judges.

ORR, Circuit Judge.

Petitioner will be referred to herein as taxpayer, and respondent as the Commissioner. Taxpayer claimed deductions of $120,000 on its income tax return for each of the years 1937 and 1939. It had accrued this amount on its books to cover interest on $2,000,000 of bonds issued by a California Reclamation District. The Commissioner disallowed the claims with the exception of an item of $600 paid to a Mrs. Minter as interest on certain of the bonds held by her. Taxpayer petitioned the United States Tax Court for a redetermination. That court allowed taxpayer a further deduction of $18,600, a sum paid to parties referred to in these proceedings as the Hopkins sisters, on reclamation district bonds held by them. The Tax Court sustained the Commissioner in his refusal to allow the deduction of the remaining $100,800. Taxpayer petitions us to review that decision.

The question presented is whether taxpayer, under paragraph (b) or (c) (4) of Section 23 of the Revenue Acts of 1936 and 1938, 26 U.S.C.A. Int.Rev.Code, § 23 (b), (c) (4), can legally deduct said sum of $100,800 which it accrued as interest on bonds of a reclamation district and which, under an agreement, was to constitute a lien on taxpayer's ranch located in the district. Among other enterprises the taxpayer carried on a ranching operation at what is known as the Conaway Ranch.

The answer to the question is found in a determination of whether the books of taxpayer, in so far as its ranch property is concerned, were kept on a cash or accrual basis. The Tax Court found that petitioner kept its ranch books on a cash basis and that the amounts accrued by taxpayer to cover interest on the reclamation

bonds related solely to the Conaway ranch operations, and further held that taxpayer should be permitted to deduct as interest only the amounts actually paid.

Section 43 of the Revenue Act of 1936 and the corresponding section of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Code, § 43,[1] require that deductions shall be taken in the taxable year in which they are "paid or accrued", depending on which method of accounting a taxpayer uses to compute his net income. Section 41[2] permits taxpayers to compute net income in accordance with "the method of accounting regularly employed in keeping the books of such taxpayer."

Taxpayer kept a separate set of books for its Conaway ranch operations.

A taxpayer, conducting several distinct businesses, may keep his books and report income for one business on a cash basis, while using the accrual basis for a separate and distinct enterprise.[3]

When the deduction in question relates solely to one of several separate enterprises carried on by a taxpayer and the books of that separate enterprise are separately kept on a cash basis a taxpayer can deduct only so much of the interest as is actually paid.[4]

The decision of the Tax Court that the ranch books were kept on a cash basis must stand. The manner in which the books were kept presents a question of fact. The Tax Court's decision is supported by substantial evidence and we are unable to identify in it a "clear-cut mistake of law."[5]

Taxpayer asks this court to determine the correct status of the sum of $52,-280.12 which it received as one of the payments from the Sacramento and San Joaquin Drainage District. The Tax Court decided the said sum was not taxable income to the taxpayer in the year 1937. The Commissioner accepted that decision and has not appealed. Under the circumstances this item is not before us.

Our holding that the finding of the Tax Court that the books of taxpayer, in so far as the operations of the Conaway ranch are concerned, were kept on a cash basis is controlling on us and, therefore, the amounts only which were actually paid, can be deducted, makes it unnecessary to determine other questions presented and argued at length in the briefs.

The decision of the Tax Court is affirmed.

Affirmed.

---

[1] Revenue Act of 1936, c. 690, 49 Stat. 1648.
Revenue Act of 1938, c. 289, 52 Stat. 447.

[2] See Note 1.

[3] Stern v. Commissioner, 14 B.T.A. 838.

[4] Cecil v. Commissioner, 4 Cir., 100 F. 2d 896.

[5] Dobson v. Commissioner, 320 U.S. 489, 502, 64 S.Ct. 239, 88 L.Ed. 248; Niles Bement Pond Co. v. United States, 281 U.S. 357, 360, 50 S.Ct. 251, 74 L. Ed. 901; United States v. Anderson, 269 U.S. 422, 442, 46 S.Ct. 131, 70 L.Ed. 347.