## HARVEY et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11823.

United States Court of Appeals
Ninth Circuit.

Jan. 3, 1949.

Charles H. Carr and Bryant R. Burton, both of Los Angeles, Cal., for petitioners.

Theron LaMar Caudle, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott, Sumner M. Redstone and L. W. Post, Sp. Assts. to Atty. Gen., for respondent.

Before DENMAN, Chief Judge, ORR, Circuit Judge, and HARRISON, District Judge.

ORR, Circuit Judge.

Petitioners, as husband and wife, made income tax returns for the years 1939, 1940 and 1941. The Commissioner of Internal Revenue determined a deficiency and the Tax Court was petitioned for a redetermination. That court sustained the Commissioner's determination.

Petitioner, Leo M. Harvey, to whom we will hereinafter refer as petitioner, is an inventor. He has been successful in the round wire tying and flat band strapping and tying fields.

Beginning with the year 1930 and continuing to March 21, 1938, the Gerrard Company was licensed to manufacture wire tying machines under petitioner's domestic and foreign patents, paying him the sum of $30,000 a year royalty. Petitioner carried

on a business of manufacturing machinery under the name of Harvey Machine Company. The expenses of the inventive activity of petitioner were deducted as a business expense of the Harvey Machine Company and the royalty income was included in the income of that company.

On March 21, 1938, petitioner sold to the Gerrard Company his patents to the tying machines for the sum of $425,000. He was given $25,000 cash and ten notes of $40,000 each, maturing annually in sequence for ten consecutive years.

Petitioner reported the gain from the sale of the patents to the Gerrard Company on the installment basis under § 44(b) of the Internal Revenue Code, 26 U.S.C.A. § 44(b). For the years in question the actual cash due and received from the vendee was returned as capital gain. The Commissioner determined the gain to be ordinary income on the finding that the patents were "property, used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23(l)". Section 117(a)(1), Internal Revenue Code, 26 U.S.C.A. § 117(a)(1).

Petitioner began the developing of a wire tying device in 1924 or 1925. His earliest patent for the flat band wire tying machine was issued in 1928. A large number of patents relating to and concerning the same idea and as improvements thereon were secured during the ensuing years. The licensing of the patent to Gerrard carried the stipulation that petitioner would finish certain work he had started.

Petitioner argues that the patents involved here were not used in his trade or business; that in order to be so classified under § 117(a)(1) they must have been so used at the time of sale and that such was not the case because in 1938 when he sold his flat band patents to Gerrard he was with respect to such patents a mere passive recipient of minimum royalties under the license granted by him to Gerrard in 1930. The Tax Court rejected this contention on the ground that it saw "no reason or necessity for limiting the scope of petitioner's business carried on in the name of Harvey Machine Company to the making of machinery on special order and excluding therefrom the inventive activity that did in fact co-exist in the making of machinery. The expenses of this inventive activity were deducted as a business expense of Harvey Machine Company and the royalty income was included as income of the Harvey Machine Company. Nor do we consider it realistic to look only at the receipt of royalties divorced from the efforts and accomplishments leading up to such receipt and to say such passive receipt does not constitute a business. We conclude therefore that the patents in question were used by petitioner in his business and were subject to depreciation. It follows that they were not capital assets and that the gain from their sale constituted ordinary income as respondent determined."

We think the evidence supports the finding of the Tax Court. The petitioner held his patents for the production of royalty income in his business as an inventor up to the time of sale. The patents were depreciable property, the use of which he licensed and from which he received taxable income and hence was property used by him in trade or business.[1]

It is not essential to the finding of the Tax Court that the particular trade or business relating to the patents be the only occupation from which petitioner earned his livelihood, nor that it was one to which the majority of his time was devoted. Fackler v. Com'r, 6 Cir., 133 F.2d 509. The inventive activities of petitioner co-existed with his machine shop, trade or business; both were profitable occupations.

There were a large number of inventions other than the wire tying patents to which petitioner devoted some of his time. These activities added to those resulting in the procurement of patents support the conclusion that a very considerable portion of petitioner's time was thus engaged.

Petitioner moved for judgment on the pleadings in the Tax Court. The grounds of the motion were:

[1] Fackler v. Commissioner, 45 B.T.A. 708; affirmed 6 Cir., 133 F.2d 509; Smythe v. Commissioner, 47 B.T.A. 1042.

That petitioner had alleged that he had elected in the year 1938 to report the gain from the sale of the patents on the installment plan under § 44(b) of the code; that this allegation was admitted in the answer; that it was alleged that the patents were not used in petitioner's trade or business, which allegation was denied in the answer. The Commissioner, according to petitioner, thus assumes an inconsistent position, and results in an admission that he has no basis for levying the tax.

It is contended that in order to assess a tax for the years 1939, 1940 and 1941, the Commissioner must show that income was received in those years; that the only showing the Commissioner makes in this respect is that the taxpayer filed returns in those years listing $40,000 as received each year for the sale of the patents, pursuant to § 44(b); that § 44(b) provides for returns on casual sales; therefore, the only basis for the assessment by the Commissioner is that this sale was casual; that if it was casual it cannot be taxed under § 117, which refers to "trade or business" sales, as the Commissioner purports to do; that if it was a sale in the trade or business, and not casual, the tax must be assessed for the year 1938, the year of the sale, for in such a case § 44(b) would not permit the profit to be reported on the installment plan; that the year 1938 is not in issue.

A taxpayer may properly make returns in the manner done here under provisions other than § 44(b). Thus, if the taxpayer was on the cash basis of accounting with respect to his inventions, he properly recorded the patents sale without regard to § 44(b). Under § 41, 26 U.S.C.A. § 41, the Commissioner has a wide discretion in the method of accounting to be used in making returns and, as pointed out in Birch Ranch & Oil Co. v. Com'r, 9 Cir., 152 F.2d 874, 875, "A taxpayer, conducting several distinct businesses, may keep his books and report income for one business on a cash basis, while using the accrual basis for a separate and distinct enterprise.

We are not called upon to pass upon the correctness of the method used because the question was not put in issue by the pleadings.[2]

Petitioner engaged his son Lawrence, an attorney, to negotiate a sale of the patents to Gerrard and to compensate him if he succeeded to the extent of 20% of the purchase price received, which would amount to $85,000. The Tax Court deemed such a sum to be an "incredible fee" considering the character of the services performed and refused to make any allowance for such service. We agree that $85,000 was an unreasonably large fee and could only have been dictated by the close family relationship. However, the Tax Court did find that the son rendered some assistance to the petitioner. Compensation for the services was based upon an alleged contract. The Tax Court, held the contract ineffective insofar as the tax situation was concerned. The petitioner, relying on the contract was not called upon to produce evidence of the reasonable value of the services rendered. The alleged contract being held ineffective he should have the opportunity to submit such evidence, and the case should be reopened for that purpose. Haden Co. v. Com'r, 5 Cir., 165 F.2d 588.

Petitioner paid certain amounts of the sale price to his brother Herbert in payment for the interest which it is alleged Herbert had in the patents and petitioner claimed these amounts should be excluded or deducted from the sale price. The Tax Court disagreed. In this we think the Tax Court was correct. There is no evidence supporting a conclusion that Herbert had any interest in the patents. Herbert assisted petitioner in perfecting them but it does not appear that petitioner was under any legal obligation to pay Herbert a percentage of the sales price. The case of Dreymann, 11 T.C. 153 (August 9, 1948) is relied on by petitioner. That case is clearly distinguishable upon the ground that an agreement existed (specifically enforcible) to give the daughter an interest in the patents.

The case is remanded with directions to the Tax Court to permit petitioner to pre-

[2] See, Popular Price Tailoring Co., v. Com'r, 7 Cir., 33 F.2d 464; Hanby v. Com'r, 4 Cir., 67 F.2d 125.

sent evidence of the reasonable value of the services rendered by Lawrence Harvey and to make a finding thereon. Otherwise the decision of the Tax Court is affirmed.