## GLENN v. KENTUCKY COLOR & CHEMICAL CO., Inc.

### No. 11159.

United States Court of Appeals
Sixth Circuit.

Feb. 8, 1951.

---

4. Restatement, Contracts § 330 (1932).

Virginia H. Adams, Washington, D. C., Theron Lamar Caudle, Ellis N. Slack, A. F. Prescott, and Robert R. Reynolds, Jr., all of Washington, D. C., David C. Walls, and Chas. F. Wood, Louisville, Ky., on brief, for appellant.

Robert E. Hatton, Louisville, Ky., Robert E. Hatton, Louisville, Ky., on brief, for appellee.

Before HICKS, Chief Judge, and SIMONS and ALLEN, Circuit Judges.

PER CURIAM.

The Commissioner determined a deficiency against the taxpayer for the fiscal year ended October 31, 1942, which was paid under protest, and this action for refund was then instituted. The District Court rendered judgment in favor of the taxpayer.

The collector introduced no testimony, and the following facts are either undisputed in the record or were found by the District Court.

The taxpayer, with only minor deviations, has for some twenty years kept its books and reported its income on the basis of cash receipts and disbursements. The items, which for the taxable year were reported in the year in which they were not received nor paid, were seven per cent of gross sales and 1.8 per cent of the total "costs of goods sold" and 2.1 per cent of other costs. These items were of such a nature that they could not be computed before the end of the year. It does not appear that the Commissioner ever questioned the taxpayer's method of accounting prior to the taxable year; but in 1943 he decreased invested capital by $87,840.09, representing additional income tax for the year ended October 31, 1940, of $956.51; declared value excess profits tax for the fiscal year ended October 31, 1941, of $8,369.89; income and surtax for the fiscal year ended October 31, 1941, of $55,053.21; and excess profits tax for the fiscal year ended October 31, 1941, of $23,460.48. This resulted in a deficiency in the excess profits tax assessment which was paid and for which refund is sought here. If the Commissioner's determination was authorized under the statute, the amount of the deficiency assessment is not questioned.

The District Court found that the taxpayer's method of accounting and tax reporting clearly reflects its income; that the method of accounting was the cash receipts and disbursements method; and that the Commissioner was not authorized to order the taxpayer to accrue the items of the federal tax heretofore listed.

■ The Commissioner does not here assert, and so far as this record shows has never asserted that the taxpayer's method of accounting and reporting its taxes did not clearly reflect its income. He asserts that the method used is the accrual method and that therefore the Commissioner was authorized to order the accrual of the items involved. But the Commissioner's authority to order a change in accounting methods when the taxpayer has regularly employed a consistent method depends upon his finding that the taxpayer's method does not clearly reflect the income. Niles Bement Pond Co. v. United States, 281 U.S. 357, 360, 50 S.Ct. 251, 252, 74 L.Ed. 901. This case held that it was competent for the Commissioner to correct the taxpayer's return "so as to reflect true income by conforming to the dominating or controlling character of the taxpayer's system of accounts." Here the controlling character of the system was the cash basis.

■ We think the judgment of the District Court is correct. Under the revenue law the selection of a system of keeping books is primarily for the taxpayer. Morris-Poston Coal Co. v. Commissioner, 6 Cir., 42 F.2d 620; § 41, I.R.C., 26 U.S. C.A. § 41. In compliance with this section the taxpayer computed its income in accordance with the method of accounting "regularly employed" in keeping its books. The statute requires only that the taxpayer's books shall be kept fairly and honestly, without any attempt to evade the tax. Osterloh v. Lucas, Commissioner, 9 Cir., 37 F.2d 277. It does not require absolute precision. Huntington Securities Corp. v. Busey, Collector, 6 Cir., 112 F.2d 368, 370. Cf. Schram v. United States, 6 Cir., 118 F.2d 541. The consistency of the taxpayer's return is recognized by the Regulations and is significant. 2 Montgomery's Federal Taxes 1947-1948, 335, 336. Here the method of accounting and tax return has been consistent for twenty years.

The contention of the Commissioner that the return was predominantly on the accrual basis is disposed of by the findings of the District Court and the undisputed fact that the taxpayer's system of bookkeeping fairly and honestly reflects its income with only minor deviations upon the cash receipts and disbursements basis.

Treasury Regulations 103, § 19.41–2, is not shown to be applicable here. It reads as follows: "Approved standard methods of accounting will ordinarily be regarded as clearly reflecting income. A method of accounting will not, however, be regarded as clearly reflecting income unless all items of gross income and all deductions are treated with reasonable consistency. See section 48 for definitions of 'paid or accrued' and 'paid and incurred.' All items of gross income shall be included in the gross income for the taxable year in which they are received by the taxpayer, and deductions taken accordingly, unless in order clearly to reflect income such amounts are to be properly accounted for as of a different period. But see sections 42 and 43. See also section 48. For instance, in any case in which it is necessary to use an inventory, no method of accounting in regard to purchases and sales will correctly reflect income except an accrual method * * *."

■ The Commissioner relies upon this Regulation as his main justification for the assertion that the taxpayer here is on the accrual basis, because it used beginning and ending inventories in the taxable year involved. But this does not appear from the language of the section. It is not shown that it is necessary here to use an inventory and the words "For instance," with which the last sentence of the paragraph above quoted begins are incongruous in a provision which is asserted to be mandatory. No case is cited which construes this Regulation and § 19.41–3, and it does not appear here that the Commissioner determined the deficiency because of the use by the taxpayer of the inventory.

■ Treasury Regulations 103, § 19.41–3 (1) says that the inventory "should be taken" in the instances listed; but this is not mandatory language. In Aluminum Castings Co. v. Routzahn, 282 U.S. 92, 99, 51 S.Ct. 11, 14, 75 L.Ed. 234, the trial court found as a fact that the books and returns were on the accrual basis. The Supreme Court held that the use of inventories and

the inclusion in the returns of accrual items of receipts and disbursements appearing on petitioner's books "indicate the general and controlling character of the account * * * and support the finding of the trial court that books and returns were on the accrual basis." This language is more consistent with the view that the use of inventories is a feature to be considered than that it is controlling. To construe this regulation in the sweeping manner that is asserted by the Commissioner would raise serious doubt of its validity. The Commissioner is not authorized to enact legislation infringing upon the free choice of an accounting system which is given the taxpayer under § 41, I.R.C. nor to arbitrarily change the accounting system used by the taxpayer where it does clearly reflect its income. 2 Mertens' Law of Federal Income Taxation, 132 and 153; Reynolds Cattle Co. v. Commissioner, 31 B.T.A. 206; Huntington Securities Corp. v. Busey, Collector, supra.

The judgment of the District Court is affirmed.