### HERBERGER et al. v. COMMISSIONER OF INTERNAL REVENUE.

No. 12805.

United States Court of Appeals
Ninth Circuit.

March 7, 1952.

294

George T. Altman, Los Angeles, Cal., for petitioner.

Ellis N. Slack, Acting Asst. Atty. Gen., A. F. Prescott, Richard D. Harrison, Sp. Assts. to Atty. Gen., Department of 'Justice, for respondent.

Before MATHEWS, STEPHENS and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

Petitioners, George and Mabel Herberger, seek review and reversal of two decisions of the Tax Court determining income tax liability for 1942, 1943 and 1944, one determining George's liability and one determining Mabel's liability.

During the taxable years, petitioners were husband and wife, resided in California and were engaged in the business of processing and selling pickles.[1] Most of their income was derived from that business. All their income was community income—income in which their interests were equal.

Petitioners bought for cash, not on credit, the cucumbers and other materials and supplies used in their business. They usually sold for cash, not on credit, the pickles they processed. Occasionally, however, pickles sold in one year were paid for in the following year. Thus petitioners received $171.40 in 1943 for pickles sold in 1942 and received $946.86 in 1944 for pickles sold in 1943. The method of accounting regularly employed in keeping petitioners' books was the cash receipts and disbursements method. Petitioners' income tax returns[2] were made on a cash basis.

Petitioners sold 1626 barrels of pickles to Henry Harmel and received therefor $29,268 in three payments, one of $10,000, one of $4,878 and one of $14,390. Petitioners say that the pickles for which they received the $10,000 were sold in 1944; that the pickles for which they received the $4,878 and the $14,390 were sold in 1945; that they received the $10,000 in 1944 and received the $4,878 and the $14,390 in 1945; that their right to the $10,000 accrued in 1944; and that their right to the $4,878 and the $14,390 accrued in 1945. The Tax Court found, in substance and effect, that all of the 1626 barrels of pickles were sold in 1944; that petitioners received the $10,000 and the $4,878 in 1944 and received the $14,390 in 1945; and that their right to the $10,000, the $4,878 and the $14,390 accrued in 1944. These findings were supported by substantial evidence and were not clearly erroneous. We therefore accept them as correct.

The principal question is whether the Tax Court correctly computed petitioners' income for the taxable years. The applicable law is found in 26 U.S.C.A. §§ 41 and 42(a).

Section 41 provides: "The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be)[3] in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner [of

1. In the Tax Court's findings and opinion, this was referred to as George's business. Actually, petitioners (George and Mabel) had equal interests in it.

2. Petitioners filed timely separate returns for each taxable year. For 1943 and 1944, they filed separate amended returns on November 14, 1946.

3. Petitioners' annual accounting period was the calendar year.

Internal Revenue] does clearly reflect the income. * * * "

Section 42(a) provides: "The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period. * * * "

The Commissioner of Internal Revenue determined, and the Tax Court agreed, that the cash receipts and disbursements method of accounting—the method regularly employed in keeping petitioners' books—did not clearly reflect their income, and that the accrual method of accounting did clearly reflect their income. Therefore the Tax Court computed their income in accordance with the accrual method of accounting. Thus the Tax Court included in their gross income for 1942 the $171.40 received in 1943 for pickles sold in 1942, included in their gross income for 1943 the $946.86 received in 1944 for pickles sold in 1943 and included in their gross income for 1944 the $14,390 received in 1945 for pickles sold in 1944.

Petitioners contend that the cash receipts and disbursements method of accounting clearly reflected their income, and that therefore the Tax Court should have computed their income in accordance with that method of accounting, should not have included in their gross income for 1942 the $171.40 received in 1943 for pickles sold in 1942, should not have included in their gross income for 1943 the $946.86 received in 1944 for pickles sold in 1943 and should not have included in their gross income for 1944 the $14,390 received in 1945 for pickles sold in 1944. We reject these contentions for the following reasons:

In petitioners' business, the purchase and sale of merchandise—the purchase of cucumbers and other materials and supplies and the sale of pickles—were income-producing factors. Therefore, in order to reflect their net income correctly, it was necessary to take inventories of merchandise on hand at the beginning and end of each taxable year and to use them in computing their net income. See §§ 29.22 (c)–1 and 29.41–3(1) of Treasury Regulations 111.[4] Petitioners did so take and use such inventories. Therefore no method of accounting in regard to purchases and sales correctly reflected their income except an accrual method. See § 29.41–2 of Treasury Regulations 111.[5] To hold, as petitioners would have us hold, that the cash receipts and disbursements method of accounting clearly reflected their income would be to disregard §§ 29.22(c)–1, 29.41–2 and 29.41–3 (1). This we decline to do.

In support of their contention that the cash receipts and disbursements method of accounting clearly reflected their income, petitioners cite Beckman v. Commissioner of Internal Revenue, 8 B.T.A. 830; Mann v. Commissioner of Internal Revenue, 59 App.D.C. 103, 35 F.2d 873; and Glenn v. Kentucky Color & Chemical Co., 6 Cir.,

4. Section 29.22(c)–1 provides: "In order to reflect the net income correctly, inventories at the beginning and end of each taxable year are necessary in every case in which the production, purchase or sale of merchandise is an income-producing factor." Section 29.41–(3) (1) provides: "In all cases in which the production, purchase or sale of merchandise of any kind is an income-producing factor, inventories of the merchandise on hand (including finished goods, work in process, raw materials, and supplies) should be taken at the beginning and end of the year and used in computing the net income of the year * * * ".

5. Section 29.41–2 provides: "Approved standard methods of accounting will ordinarily be regarded as clearly reflecting income. A method of accounting will not, however, be regarded as clearly reflecting income unless all items of gross income and all deductions are treated with reasonable consistency. * * * All items of gross income shall be included in the gross income for the taxable year in which they are received by the taxpayer, and deductions taken accordingly, unless in order clearly to reflect income such amounts are to be properly accounted for as of a different period. * * * For instance, in any case in which it is necessary to use an inventory, no method of accounting in regard to purchases and sales will correctly reflect income except an accrual method. * * * "

186 F.2d 975. The Beckman, Mann and Glenn cases differ materially from the cases at bar and are, we think, not in point here. However, if and to the extent that the Beckman, Mann and Glenn cases support petitioners' contention, we regard them as erroneous and decline to follow them.

We conclude that the Tax Court correctly computed petitioners' income for the taxable years.

Decisions affirmed.