223 F.2d 418
 John J. HARDEN, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Frances Hale HARDEN, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
John J. HARDEN and Helen L. Harden, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
H. I. HINDS, Individually and as former Collector of Internal Revenue, Appellant,
v.
Helen Lynn HARDEN, Appellee.
 No. 4942.
 No. 4943.
 No. 4944.
 No. 4973.
 United States Court of Appeals Tenth Circuit.
 May 17, 1955.
 
 Graham Loving, Jr., Oklahoma City, Okl. (L. Karlton Mosteller and James D. Fellers, Oklahoma City, Okl., were with him on the brief), for petitioners.
 Walter B. Langley, New York City (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Robert N. Anderson, Special Assts. to the Atty. Gen., were with him on the brief), for respondent.
 Before BRATTON, HUXMAN and PICKETT, Circuit Judges.
 PICKETT, Circuit Judge.
 
 
 1
 These four cases relate to a portion of the income tax of John J. Harden, hereinafter referred to as "taxpayer", for the years 1947 and 1948. They present identical questions and will be considered together. Cases Number 4942, 4943 and 4944 are here on petitions to review decisions of the Tax Court, and Number 4973 is an appeal from the District Court for the Western District of Oklahoma. Frances Hale Harden, former wife of the taxpayer, and his present wife, Helen L. Harden, are involved only because of their marital relationship to him. A portion of the taxpayer's income for the years in question was received from the operation of a mausoleum in Oklahoma City, Oklahoma which was to be constructed in different units or sections. The taxpayer reported his income upon the cash receipts and disbursement method. The tax court held that if the income from the sale of burial crypts in the original section of the mausoleum was used to construct additions, it could not be charged as a deductible expense. The District Court held that it could.
 
 
 2
 The material facts are not in dispute. The taxpayer was engaged in numerous businesses, one of which was the operation of cemeteries in Oklahoma City and Tulsa, Oklahoma. Mausoleums were built and operated at each place. Although the income tax returns show that the taxpayer employed the same method of accounting in Tulsa as in Oklahoma City, only the returns from the Oklahoma City mausoleum are questioned in these cases. The plans for the Oklahoma City mausoleum contemplated construction of four separate sections. Construction of the first section was begun in 1936 and was completed in 1941. The taxpayer had title to the property upon which the mausoleum was constructed subject to a trust instrument which provided that the mausoleum would be dedicated perpetually for the interment of the dead with the right reserved by the taxpayer to sell crypts in the structure and retain the proceeds therefrom. The first construction included 980 burial crypts, entrances, a chapel, elevator, office, and other facilities necessary for the operation and maintenance of a mausoleum. The total cost was $127,837.29.
 
 
 3
 The taxpayer did not treat the receipts from sales of crypts as income for tax purposes until he had recouped the total cost of the first section. Prior to 1947, the taxpayer had fully recovered the cost expended in the construction of the first section and thereafter he reported the total receipts from the sale of crypts as income. Construction of the second section began in 1947, upon which was expended $37,173.62 in 1947, and $8,324.55 in 1948. In 1947, the proceeds from the sale of crypts in the first section totaled $34,965.47. In 1948 they totaled $34,040.19. In 1947, the taxpayer did not report any income from the sale of crypts, and in 1948 he reported only $23,507.49. This amount represented the income from sale of crypts less current and previously unrecovered construction costs.
 
 
 4
 The taxpayer contends that he is in the business of selling burial crypts which are obtained through the construction of a mausoleum, and that since he is on a cash basis of accounting, he is entitled to recover all his costs of construction before any receipts must be reported as taxable income. The Commissioner did not object and does not now object to the taxpayer's method of accounting, and apparently he is not attempting to prevent the taxpayer from recovering his construction costs prior to reporting any income. He maintains that the proceeds from the sale of crypts from the first section of the mausoleum may not be used for additional construction and their expenditures deducted as an expense. The Commissioner refuses to permit the taxpayer's accounting method to be applied to the entire mausoleum and he seeks, for income tax purposes, to consider the receipts from each section separately. In other words, he contends that the cost of a section can be paid for only from the proceeds received from the sale of crypts in that section. His right to do this is our question.
 
 
 5
 The federal income tax system is based upon an annual accounting by the taxpayer, and the taxing authorities have the right to require a taxpayer's income to be computed on that basis. Heiner v. Mellon, 304 U.S. 271, 58 S.Ct. 926, 82 L.Ed. 1337; Helvering v. Morgan's, Inc., 293 U.S. 121, 55 S.Ct. 60, 79 L.Ed. 232; Woolford Realty Co. v. Rose, 286 U. S. 319, 52 S.Ct. 568, 76 L.Ed. 1128; 26 U.S.C.A. § 41. The taxpayer here is selling burial crypts which are small portions of a building called a mausoleum. In the sale of these crypts, the taxable income is the difference between the cost of the crypts sold and their sale price. Heiner v. Mellon, supra; Commissioner of Internal Revenue v. Cedar Park Cemetery Association, Inc., 7 Cir., 183 F.2d 553; Commissioner of Internal Revenue v. Laguna Land & Water Co., 9 Cir., 118 F.2d 112. Section 41 of the Revenue Code requires that the net income of a taxpayer be computed on the basis of an annual accounting period in accordance with the method of accounting regularly employed in keeping the books of the taxpayer. The taxpayer has the right to select any method of accounting which will clearly reflect his income. Heiner v. Mellon, supra; Glenn v. Kentucky Color & Chemical Co., Inc., 6 Cir., 186 F.2d 975; Commissioner of Internal Revenue v. Mnookin's Estate, 8 Cir., 184 F.2d 89; Jud Plumbing & Heating, Inc., v. Commissioner, 5 Cir., 153 F.2d 681. If the method employed by the taxpayer does not clearly reflect his income, it shall be computed in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. 26 U.S. C.A. § 41.
 
 
 6
 The Commissioner is vested with a wide discretion in requiring a method which will clearly reflect income. Lucas v. American Code Co., 280 U.S. 445, 50 S.Ct. 202, 74 L.Ed. 538; Harvey v. Commissioner, 9 Cir., 171 F.2d 952. He is bound by the taxpayer's method only when it clearly reflects income. Jones v. Trapp, 10 Cir., 186 F.2d 951; Glenn v. Kentucky Color & Chemical Co., Inc., supra; Huntington Securities Corp. v. Busey, 6 Cir., 112 F.2d 368; Osterloh v. Lucas, 9 Cir., 37 F.2d 277. We are convinced that the method employed by the taxpayer is unrealistic and does not clearly reflect his annual income, but for some reason the Commissioner has not objected to the method and has made no attempt to adopt a method of reporting income which will clearly reflect that income. He is adopting the system already employed by the taxpayer, but is adjusting it in a manner which does not clearly reflect the taxpayer's income. He seeks to separate the taxpayer's business into divisions controlled by construction periods, and to apply the method of accounting adopted by the taxpayer to each separate division as though it were a separate business, for the purpose of collecting some immediate tax.[1] No authority is cited in support of this requirement, and we do not believe that it is in conformity with the Revenue Act. Under Section 41, the Commissioner's authority is limited to substituting a computation which will clearly reflect the income. The Commissioner's method not only continues a method which does not clearly reflect the income, but it will further distort the taxpayer's annual income when there are sales from a new section. As hereinbefore stated, the taxpayer is in the business of selling crypts and burial rooms. He cannot buy them, they must be constructed. It is a single operation. If he is allowed to recoup all the costs of construction of one unit as an expense before he reports any income, there is no logical reason why he may not recover from the business income the cost of construction or acquisition of additional crypts to carry on his business. Under the method adopted by the taxpayer, he can delay the payment of his taxes by arranging the construction periods. If, in the opinion of the Commissioner, the taxpayer's method does not reflect his income, the remedy is to require a computation on a basis which will correctly reflect the annual income by taking into consideration the profit or loss from the crypts sold. In such cases, the Revenue Act contemplates action by the Commissioner, not the courts. Brown v. Helvering, 291 U.S. 193, 54 S.Ct. 356, 78 L.Ed. 725; Lucas v. Ox Fibre Brush Co., 281 U.S. 115, 50 S.Ct. 273, 74 L.Ed. 733; Fort Pitt Brewing Co. v. Commissioner, 3 Cir., 210 F.2d 6, certiorari denied 347 U.S. 989, 74 S.Ct. 851 98 L.Ed. 1123; A. & A. Tool Supply Co. v. Commissioner, 10 Cir., 182 F.2d 300.
 
 
 7
 The tax court decisions in Numbers 4942, 4943, and 4944 are reversed, and the judgment of the District Court in Number 4973 is affirmed.
 
 
 
 Notes:
 
 
 [1]
 The Commissioner's position is inconsistent. He has acquiesced for twenty years in the method used by the taxpayer. He does not question the identical method shown in the same returns which relate to the Tulsa mausoleum. Compare Hotel Kingkade v. Commissioner, 10 Cir., 180 F.2d 310, where this court refused to invoke the doctrine of estoppel against the Commissioner under similar circumstances