Charles E. YATES and Mary B. Yates,
Plaintiffs,

v.

UNITED STATES of America,
Defendant.

No. 481.

United States District Court
E. D. Kentucky,
Catlettsburg Division.

Feb. 10, 1962.

Davis, Vigor & Ford, Ashland, Ky., for plaintiffs.

Louis F. Oberdorfer, Asst. Atty. Gen., Lyle M. Turner, Jerome Fink, Herbert L. Awe, Attys. Dept. of Justice, Washington, D. C., B. T. Moynahan, Jr., Henry J. Cook (Former), Jean L. Auxier (Former), U. S. Attys., Lexington, Ky., for defendant.

SWINFORD, District Judge.

This is an action for the recovery of alleged illegally collected taxes, with interest, for the year 1949. The amount involved is $18,574.51.

The question for determination is whether the taxpayers, who have kept their books on the accrual basis for the years 1947, 1948 and 1949, can file their income tax return for the year 1949 on the cash basis. In all prior years the tax returns were filed on the cash basis.

The plaintiff, Charles E. Yates, is the real party in interest. His co-plaintiff, Mary B. Yates, is his wife and is made a party to the action by reason of their having filed a joint income tax return. The plaintiff, Charles B. Yates, alone will be referred to as taxpayer.

Taxpayer engaged in the coal business prior to 1947. In the years 1947 and 1948 he conducted a coal mining operation as a partnership with one Potashnick under the names of Yates Coal Corporation. In 1949 he bought out his partner, dissolved the corporation and continued the business as the sole owner. He conducted a strip mining operation and, without carrying any inventories, sold the coal as it was loaded at the tipple and shipped to his agent some twelve miles from the mining property.

The agent, upon receipt of the coal, issued bills of lading against the coal and by the twentieth of each month paid taxpayer for the coal shipped to him in the preceding month. Once each week taxpayer took his invoices to the bank and borrowed ninety per cent of the face amount of the invoices. When the sales agent paid for the coal, the bank applied the proceeds in payment of the loan to taxpayer and paid to taxpayer the balance of the proceeds.

Prior to 1947 taxpayer's records consisted only of a list of expenditures. In late 1946 a new system of bookkeeping was set up and his records were kept as a double entry accrual set of books showing cash receipts, cash disbursements and accounts receivable. When he sold the coal, the accounts receivable were debited and sales credited. When the invoices were taken to the bank, as set out above, cash was debited and notes discounted credited. Expenses were paid as cash became available and the payments recorded in a cash disbursements book.

With the 1949 return there was submitted to the Commissioner a statement by which income computed by the accrual method was converted to income computed according to the cash method. The adjustments were effected by deducting accounts receivable from sales and accounts payable from expenses. The net amount of receivable and payable entries so deducted was $41,957.47, reducing taxpayer's income, as reflected by the books, from $71,816.06 to $29,858.59.

The court holds that for 1947 through 1949, taxpayer, having kept his

books on the accrual basis, must file a tax return in the same method as required by Section 41 of the Internal Revenue Code of 1939 (26 U.S.C.A. 1952 ed., § 41).

The "General Rule" under the section, insofar as pertinent is:

"The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * * "

The court is of the opinion that prior to 1947 the method of bookkeeping was inconsequential and the basis of reporting income for tax purposes was necessarily on a cash basis. With the beginning of the partnership and later the corporation and the setting up of a formal system of bookkeeping, the method of keeping the books and reporting the income of the business must be uniform, as required by the statute above quoted. Taxpayer has kept his books of accounting on the accrual basis but has filed his income tax returns on the cash basis. Since the accrual basis of accounting clearly reflected the net income of taxpayer, the income should have been computed and reported in accordance with the bookkeeping methods. Deakman-Wells Co. v. Commissioner of Internal Revenue, 3 Cir., 1954, 213 F.2d 894.

■ The fact that the Commissioner had never before objected to taxpayer's method of reporting his income does not estop the Commissioner from raising the question of the effectiveness of the statute in the 1949 return. Niles Bement Pond Co. v. U. S., 281 U.S. 357, 50 S.Ct. 251, 74 L.Ed. 901; Caldwell v. Commissioner of Internal Revenue, 2 Cir., 1953, 202 F.2d 112.

■ The overall purpose of the statute involved in this case is to reduce complications in the collection of income taxes and in the determination of the amount due from those engaged in business enterprises where a system of bookkeeping is necessary. While the terms "accrual basis" and "cash basis" may be more or less technical bookkeeping terms it is agreed by both the plaintiff and the defendant that the books of taxpayer were regularly kept on the accrual basis for the tax year in question and for preceding years. The court finds that this accrual basis was the method of accounting regularly employed in keeping the books of taxpayer and it therefore follows, by the statutory directive, that the net income should have been computed upon that basis.

The plaintiffs take the position that while the books were kept on the accrual basis, the requirements of Section 41 that income be reported in the same method as that used in keeping the books is not absolute; that the adjustments necessary to convert the bookkeeping method from accrual computation of income to a cash computation are of themselves a part of the books.

■ Treas.Reg. 118, Section 29.41-2, Internal Revenue Code of 1939, provides that "a taxpayer who changes the method of accounting employed, shall, before computing his income upon such new method for purposes of taxation, secure the consent of the Commissioner * * ". It is argued that since taxpayer had not received the consent of the Commissioner to report his income on the accrual basis that he had no choice but to continue to report it on the cash basis as he had done in all previous years. Such an interpretation would nullify the salutary effects of the statute and leave the determination of how the books were to be kept and how the income was to be reported entirely in the hands of the taxpayer, thereby permitting him to change back and forth at will between the two methods of reporting his income. The court sees no point in giving a tortured construction to a statute which has the

primary objective of avoiding confusion by requiring that bookkeeping and the reporting of income shall be by the same method.

Taxpayer insists that his method of keeping his accounts clearly reflected income and the Commissioner had no discretion to use any other method or basis. Neither the taxpayer nor the Commissioner has unlimited discretion. If the taxpayer's method of accounting clearly reflects income, the statute is mandatory upon both him and the Commissioner that taxable income must be reported in accordance therewith, but while a system of accounting is lodged exclusively in the taxpayer, provided it is within the statutory limits of clearly reflecting income and consistent from year to year, it must be a method of accounting regularly employed in keeping the books. This must be the guiding principle and followed by the taxpayer unless the Commissioner authorizes a change. Huntington Securities Corporation v. Busey, 6 Cir., 1940, 112 F.2d 368; Glenn v. Kentucky Color & Chemical Co., 6 Cir., 1951, 186 F.2d 975. See also Morris-Poston Coal Co. v. Commissioner of Int. Rev., 6 Cir., 1930, 42 F.2d 620.

Taxpayer argues that the case of Glenn v. Kentucky Color & Chemical Co., supra, Huntington Security Corporation v. Busey, supra, and Morris-Poston Coal Co. v. Commissioner of Int. Rev., supra, all express a liberal view in the interpretation of the statute by the Court of Appeals for the Sixth Circuit in contrast to what is termed "the stricter attitude" of some other circuits on this issue. He cites as an example of the "stricter attitude" the case of Caldwell v. Commissioner of Internal Revenue, 2 Cir., 1958, 202 F.2d 112, and Herberger v. Commissioner of Internal Revenue, 9 Cir., 1952, 195 F.2d 293. It is not necessary, however, for a proper determination of this case to draw a comparison between this circuit, by which this court is bound, and the other courts.

The decision whether to permit or forbid a change of method of accounting is left to the Commissioner and he is vested with a wide discretion. Only when abuse of discretion is clearly shown can the court interfere. William Hardy, Inc. v. Commissioner of Internal Revenue, 2 Cir., 1936, 82 F.2d 249; Shoong Inv. Co. v. Anglim, D.C.N.D.Calif.S.D., 1942, 45 F.Supp. 711.

Taxpayer relies heavily upon Patchen v. Commissioner of Internal Revenue, 5 Cir., 1958, 258 F.2d 544. This court cannot conclude that either the decision or any of the language in the Patchen case disputes the application of the well recognized rule, required by the statute, to the facts in the case at bar. In that case books were kept and tax returns made on the cash basis for the years 1946 and 1947. In 1948 an accrual system was set up. The Commissioner determined that the new system put the taxpayer on an accrual basis and required that the return be filed on the accrual system. The Tax Court decided that the Commissioner had the option of accepting either a cash basis return or an accrual basis return, 27 T.C. 592. The Court of Appeals reversed this finding and held that it need not determine whether such an option existed. It suggested a criticism of the Commissioner in attempting to read into the operation of Section 41 and Reg. 29.41–4 the right to impose on a taxpayer terms and conditions which would have been required had the taxpayer sought and obtained the Commissioner's consent. The court found that the taxpayer followed the cash method of bookkeeping and that its tax returns were in conformity with that method.

It is the opinion of the court that the complaint should be dismissed at the cost of the plaintiffs. A judgment to that effect is this day entered.

The attorneys for the defendant will submit for examination and entry findings of fact and conclusions of law in conformity with this opinion.